No. 90-338

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

STATE OF MONTANA,

     Plaintiff and Respondent,

-v-

DAVID VAN VOAST,

     Defendant and Appellant.

FILED

FEB 12 1991

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable C.B. McNeil, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

     James A. Manley; Manley Law Offices; Polson, Montana

     For Respondent:

     Marc Racicot, Attorney General; Kathy Seeley, Asst.
Atty. General; Helena, Montana
Larry Nistler, Lake County Attorney, Robert S.
Anderson, Lake County Dep. Atty.; Polson, Montana


     Submitted on Briefs:  January 3, 1991

     Decided:  February 12, 1991

Filed:

_____
Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Defendant, David Van Voast, was convicted of the offense of criminal possession of dangerous drugs, a felony pursuant to § 45-9-101, following a non-jury trial in the District Court for the Twentieth Judicial District, Lake County. Defendant appeals. We affirm.

The issues are:

1.   Was there substantial, credible evidence that defendant knowingly possessed dangerous drugs?

2.   Was the defendant denied his right to a speedy trial?

3.   Did the District Court err in granting the State's motion to add a witness twenty-four days before trial?

4.   Did the District Court err when it denied defendant's motion to suppress evidence seized during search and seizure?

5.   Did the District Court err when it denied the defendant's motion to reopen the suppression hearing?

On May 26, 1989, five officers of the Lake County drug task force executed a search warrant authorizing the search of defendant's residence, outbuildings and nearby vehicles for a large caliber single action Colt-type revolver and other evidence and fruits of the crime of Intimidation, a felony. One of the officers found a loaded handgun in the side pocket of a recliner located in the living room of defendant's residence. Lying on top of the weapon was a plastic baggie containing a green leafy substance, believed to be marijuana. Because of the discovery of the marijuana, a second warrant was issued authorizing seizure of

marijuana and other evidence and fruits of the crime of Criminal Possession of Dangerous Drugs from the defendant's residence, outbuildings, and nearby vehicles. During the second search, a camping trailer located approximately 130 feet from the defendant's residence was found to be locked and secured. The camper belonged to the defendant. The key to the camper was discovered on a rack of keys above the telephone in defendant's residence. Using the key, the officers unlocked the camper and discovered two plastic bags containing approximately 173 grams of marijuana inside a black bag stowed in a seat compartment.

I

Was there substantial, credible evidence that defendant knowingly possessed dangerous drugs?

The test applied by this Court to determine whether the evidence is sufficient to support the verdict is whether, after viewing the evidence in light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Krum (1989), 238 Mont. 359, 362, 777 P.2d 889, 891.

Defendant argues that while the State may have shown constructive possession of marijuana because defendant owned the camper where the marijuana was found, there was no evidence offered that he "knowingly" possessed the substance. Therefore the essential element of the mental state of "knowing possession" was not satisfied.

Defendant makes an invalid distinction between "constructive

possession" and "knowing possession". Possession of dangerous drugs may be either "actual" or "constructive". State v. Meader (1979), 184 Mont. 32, 42, 601 P.2d 386, 392. Actual possession means that the drugs are in the personal custody of the person charged with possession; whereas constructive possession means that the drugs are not in actual physical possession but that the person charged with possession has dominion and control over the drugs. Meader, 184 Mont. at 42, 601 P.2d at 392. In order to find either actual or constructive possession, the fact finder must find that there was "knowing" possession. "Possession" is defined as "the knowing control of anything for a sufficient time to be able to terminate control." § 45-2-101(52), MCA. The mental state of "knowingly" is therefore included as part of the definition of "possession", whether it be actual or constructive. A mental state may be inferred from the acts of the accused and the facts and circumstances connected with the offense. § 45-2-103(3), MCA; Krum, 238 Mont. at 361, 777 P.2d at 890.

In this case there was adequate evidence presented to support a conclusion that defendant "knowingly" possessed the marijuana. The first baggie of marijuana was found in defendant's living room in the side pocket of defendant's chair on top of his handgun. The large bags of marijuana were found in a locked camping trailer which belonged to the defendant. The camper was parked within 130 feet of defendant's residence. The key to the camper was found hanging above the telephone in defendant's residence. Defendant's girlfriend denied that she had keys to the camper. These

4

circumstances support the conclusion that defendant had knowing control and possession of the marijuana. We affirm the holding of the District Court that defendant was in knowing possession of dangerous drugs.

## II

Was the defendant denied his right to a speedy trial?

Any person accused of a crime is guaranteed a speedy trial by the Sixth Amendment to the United States Constitution, which is made applicable to the states by the Fourteenth Amendment. Klopfer v. North Carolina (1967), 386 U.S. 213. The test used to determine whether the constitutional right to a speedy trial has been violated was set forth in Barker v. Wingo (1972), 407 U.S. 514, and was adopted by this Court in Briceno v. District Court (1977), 173 Mont. 516, 518, 568 P.2d 162, 163-64:

> These cases involve a sensitive balancing of four factors, in which the conduct of the prosecution and defendant are weighed in determining whether there has been a denial of the right to a speedy trial. The four factors to be evaluated and balanced are:
> (1) Length of delay;
> (2) Reason for delay;
> (3) Assertion of the right by defendant; and
> (4) Prejudice to the defendant.

No single factor is determative. Each facet of the analysis is weighed in light of the surrounding facts and circumstances. State v. Morris (1988), 230 Mont. 311, 317, 749 P.2d 1379, 1382.

The right to speedy trial attaches at the moment a defendant is accused, and that may occur at the time of arrest, at the time of the filing of a complaint or information, or at the time of indictment. Morris, 230 Mont. at 315, 749 P.2d at 1381. In this

case there were 225 days between the defendant's arrest and his trial. This delay is long enough to trigger the speedy trial inquiry. State v. Chavez (1984), 213 Mont. 434, 441, 691 P.2d 1365, 1370. The State now has the burden of providing a reasonable explanation for the delay and showing that the defendant was not prejudiced by the delay. State v. Curtis (1990), 241 Mont. 288, 301, 787 P.2d 306, 313. The 225 day delay in this case was institutional delay and is chargable to the State. However institutional delay weighs less heavily than other kinds of delays in the balancing process. Curtis, 241 Mont. at 301, 787 P.2d at 315.

In considering whether the defendant was prejudiced, the court must look to the interests protected by the right to speedy trial: (1) to prevent oppressive pretrial incarceration, (2) to minimize the defendant's anxiety and concern, and (3) to limit the impairment of the defense. Barker, 407 U.S. at 532; Curtis, 241 Mont. at 303, 787 P.2d at 315.

The defendant was out on bond during the entire period from arrest until trial and so the first interest was protected.

As to the second interest, defendant testified that stress was causing him to drink "heavier than I want to" and that he had trouble sleeping at night. The anxiety and concern alleged by the defendant are not excessive for one charged with a felony and are not sufficient to violate the right to speedy trial. A certain amount of anxiety and concern is inherent in being accused of a crime. Curtis, 241 Mont. at 303, 787 P.2d at 316.

The crucial factor in a prejudice determination is whether the defense has been impaired. State v. Waters (1987), 228 Mont. 490, 494, 743 P.2d 617, 620. No evidence was presented that the defense was impaired by the delay. The defendant testified at the hearing on the speedy trial motion that the potential defense witnesses were available to testify, had not forgotten what had happened and had no memory loss.

In sum, the delay in this case was institutional. The defendant suffered little more anxiety than would normally be expected. Most importantly, the defense was not impaired by the delay. We affirm the District Court's holding that the State did not violate the defendant's right to a speedy trial.

III

Did the District Court err in granting the State's motion to add a witness twenty-four days before trial?

Section 46-15-322, MCA, requires the State to show good cause for adding a witness after arraignment. In this case the State made a motion to the District Court to add a witness from the State Crime Lab. The information charging the defendant listed as witnesses "Lori Moffatt, State Crime Lab and Unknown, State Crime Lab". Twenty-four days prior to trial, the State filed a motion to replace "Unknown, State Crime Lab", with the name of "Alice Ammen, Division of Forensic Science". The motion stated that Ms. Ammen's report and resume had been previously provided to the defendant and that counsel for the defendant had no objection to the addition of the witness. Defense counsel filed a brief in

7

opposition to the State's motion to add Ms. Ammen, stating that there had been a misunderstanding and defense did object.

Section 46-15-329, MCA, gives district courts the flexibility to impose sanctions commensurate with a failure to comply with discovery orders. The statute does not mandate automatic exclusion for noncompliance. Waters, 228 Mont. at 495, 743 P.2d at 621. By its terms, § 46-15-329, MCA, provides that "the court may impose any sanction that it finds just under the circumstances . . ." Imposition of sanction is a matter best left to the sound discretion of the District Court. Such discretion allows the court to consider the reason why disclosure was not made, whether the noncompliance was willful, the amount of prejudice to the opposing party, and any other relevant circumstances. Absent a clear abuse of discretion, the decision of the District Court must be upheld. Waters, 228 Mont. at 495, 743 P.2d at 621.

In this case the reason disclosure was not made earlier was the lack of knowledge of which forensic scientist from the State Crime Lab would be testifying. There is no indication of willful noncompliance with the discovery statutes. Defendant knew Ms. Ammen's identity 24 days before trial and can claim no surprise. The District Court did not err when it granted the State's motion to add this witness.

IV

Did the District Court err when it denied defendant's motion to suppress evidence seized during search and seizure?

Two search warrants were executed on defendant's residence and

8

surrounding area. Defendant attacks both searches based on probable cause and claims the evidence should be suppressed.

The test for determining probable cause for issuance of a search warrant is the "totality of the circumstances" test set forth in Illinois v. Gates (1983), 462 U.S. 213. State v. Sundberg (1988), 235 Mont. 115, 119, 765 P.2d 736, 739. An affidavit supporting a search warrant is to be interpreted by the magistrate and examined by the reviewing court in a common-sense, realistic fashion. State v. O'Neill (1984), 208 Mont. 386, 393, 679 P.2d 760, 764. The issuing magistrate must only determine that there is a probability, not a prima facie showing of criminal activity. O'Neill, 208 Mont. at 393, 679 P.2d at 764. The review of the sufficiency of an affidavit is not a de novo review and the magistrate's determination should be paid great deference by reviewing courts. Sundberg, 235 Mont. at 122-23, 765 P.2d at 741.

In this case, the totality of the circumstances provided probable cause to issue both search warrants. The first warrant was issued on the probability that evidence of the crime of intimidation would be found in the defendant's residence, outbuildings, or nearby vehicles. An informant who was working for the drug team had gone to the defendant's home in order to investigate the defendant's involvment in drug-related activities. The defendant pulled a handgun, pointed it at him, and threatened to kill him if he were a police agent. The informant had provided reliable information on prior occasions. The officer's affidavit supporting the first warrant contained sufficient details to

9

establish probable cause.

Defendant claims that the drug team had targeted him for prosecution and that the intimidation charge was only a pretext to gain access to defendant's residence to search for drugs. Defendant also attacks the credibility of the affiant and claims that the application was based on false information. The evidence does not substantiate these claims. We conclude that the first warrant was supported by a sufficient showing of probable cause. We affirm the District Court's refusal to suppress the evidence discovered in the first search.

Defendant asserts that the second warrant was based on an illegal search during execution of the first warrant. Defendant's girlfriend testified that the officers found the marijuana in the side pocket of the defendant's chair only after they had removed the gun and then used a backscratcher to dig down deeper into the pocket. Based on the testimony of the officers involved in the first search, the District Court held that the marijuana was in plain view when the officer who found the gun pulled open the pocket to retrieve the gun. We conclude that the second warrant was supported by a sufficient showing of probable cause based on the plain view doctrine.

The defendant also attempts to attack the second warrant on the basis that there was false information in the application. There was no showing of false information affecting the validity of the warrant application. The District Court correctly refused to suppress the evidence that was discovered during execution of

the second warrant.

                                    V

Did the District Court err when it denied the defendant's motion to reopen the suppression hearing?

The defendant filed a motion for leave to reopen the suppression hearing based on new evidence. The officer seeking the first search warrant had testified in a trial of a nonrelated case. Defendant alleged that the officer had perjured himself because his testimony in the nonrelated trial had contradicted testimony he had given in this defendant's suppression hearing. Defendant argues this perjury proves that the officer was not credible and therefore the first search warrant was based on misinformation.

When a search warrant is issued, the determination of probable cause must be made from the four corners of the search warrant application. State v. Isom (1982), 196 Mont. 330, 341, 641 P.2d 417, 423. The alleged perjured testimony was not related to the facts asserted in the officer's affidavit and has no bearing on the validity of the search warrant. Defendant has not established that the statements made in the search warrant application were false. We affirm the District Court's refusal to reopen the suppression hearing.

Affirmed.

_____
            Justice

We Concur:

_____
John Conway Harrison

11

_Diana G. Barr_

_R. C. McDonough_

_William E. Hunt Sr._

Justices