No. 92-496

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

STATE OF MONTANA,

       Plaintiff and Respondent,

v.

BRIAN E. BARKER,

       Defendant and Appellant.

FILED

NOV -2 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Larry W. Moran, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

              William F. Hooks, Attorney at Law, Appellate
Defender Office, Helena, Montana

       For Respondent:

              Hon. Joseph P. Mazurek, Attorney General,
Elizabeth L. Griffing, Assistant Attorney
General, Helena, Montana; Mike Salvagni,
Gallatin County Attorney, Gary T. Balaz,
Deputy County Attorney, Bozeman, Montana

Submitted on Briefs:  June 10, 1993

Decided:  November 2, 1993

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Brian E. Barker appeals from a judgment of the District Court for the Eighteenth Judicial District, in Gallatin County, in which he was convicted of the offense of felony theft. Prior to trial, Barker had twice moved the court to dismiss for lack of a speedy trial, but these motions were denied. He appeals on the basis that he was denied his constitutional right to a speedy trial.

We reverse the conviction and dismiss.

The dispositive issue is whether Barker was denied his right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution and Article II, Section 24, of the Montana Constitution when his case did not go to trial until over 400 days after his arrest.

Barker was arrested May 9, 1991, and charged by information on May 28, 1991, with felony theft. He was incarcerated in the Gallatin County jail until his arraignment on June 6, 1991, at which time he entered a plea of not guilty. Barker was then transferred to the Yellowstone County Detention Center for an unrelated offense and was ultimately incarcerated at the Montana State Prison for that offense.

Trial of the felony theft charge was set for October 3, 1991. Barker filed several pretrial motions on September 12, after which the District Court, on its own motion, vacated the October 3 trial and rescheduled the trial for November 19, 1991. On October 31, the court again vacated the trial date on its own motion and trial was reset for January 21, 1992.

2

On January 2, 1992, Barker filed a motion to dismiss the case on the ground that his right to a speedy trial under the State and Federal Constitutions had been violated. At that time, 257 days had elapsed between Barker's arrest and the pending trial. Following a hearing on January 13, 1992, the court denied the motion to dismiss, noting that the delay was caused by "institutional difficulties."

The January 21, 1992, trial date was then continued. Neither party requested a continuance and the District Court file is unclear regarding the reason for postponement. However, the court later stated that the trial had been continued due to a crowded court calendar and a conflict with another trial on that date.

When no trial date was set, Barker filed a second motion on April 23, 1992, to dismiss the case for violation of his right to a speedy trial. By then, 354 days had elapsed since his arrest. A hearing on the motion to dismiss was held on June 15, 1992. The prison psychiatrist and two prison officials testified that Barker was experiencing high levels of stress and anxiety, and that the pending Gallatin County charges had impacted Barker's eligibility for transfer to a pre-release program. Barker also testified that he had waived a parole hearing set for April 1992, because he had been told the parole board would not consider parole due to the pending charges.

The District Court denied the motion to dismiss and attributed the delay of Barker's trial date to a "heavy trial calendar." The court found no prejudice as a result of the delay because Barker

3

was already incarcerated for a different offense. Furthermore, it stated that there was no definitive proof that Barker's stress and anxiety had been caused by the pending felony theft charge, as opposed to the stress experienced from being incarcerated.

Barker's case finally went to trial on June 24, 1992, and the jury returned its verdict on June 25, finding Barker guilty of felony theft as defined in § 45-6-301(1), MCA. Barker was sentenced to ten years in the Montana State Prison with five years suspended, the sentence to run consecutively to the prison term that Barker was already serving. From that judgment, Barker appeals.

Was Barker denied his right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution and Article II, Section 24, of the Montana Constitution when his case did not go to trial until 412 days after his arrest?

The right of any defendant to a speedy trial is guaranteed by the Federal and Montana Constitutions. U.S. Const. amend. VI; Mont. Const. art. II, § 24; *State v. Hall* (1990), 244 Mont. 161, 164, 797 P.2d 183, 185. The test used to determine whether the constitutional right to a speedy trial has been violated was set forth in *Barker v. Wingo* (1972), 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101, and was adopted by this Court in *Briceno v. District Court* (1977), 173 Mont. 516, 518-19, 568 P.2d 162, 163-64. When a speedy trial issue is presented, the court must evaluate and balance the following four factors:

4

1) length of delay;

2) reason for delay;

3) assertion of the right by the defendant; and

4) prejudice to the defendant.

*State v. Heffernan* (1991), 248 Mont. 67, 70, 809 P.2d 566, 567. No single factor is determinative, and each factor is weighed in light of the surrounding facts and circumstances. *State v. Van Voast* (1991), 247 Mont. 194, 200, 805 P.2d 1380, 1384.

The parties agree that Barker sufficiently asserted his right to a speedy trial, thereby satisfying the third prong of *Barker*. Therefore, the factors to be evaluated and balanced in this instance are the length and reason for delay, and whether Barker was prejudiced by the delay. This Court has made clear that the length of delay acts as a "triggering" mechanism, and the other enumerated factors need not be examined unless presumptive prejudicial delay is present. *State v. Scott* (Mont. 1993), 850 P.2d 286 50 St. Rep. 353; *Van Voast*, 805 P.2d at 1384. Here, the State concedes that the 412 days from the date of arrest to trial is sufficient delay to trigger the remainder of the speedy trial analysis and to give rise to a rebuttable presumption of prejudice. The State further concedes that, because of the presumption of prejudice, it has the burden of providing a reasonable explanation for the delay and showing that Barker was not prejudiced by the delay. *See State v. Curtis* (1990), 241 Mont. 288, 787 P.2d 306; *Van Voast*, 805 P.2d at 1384; *Hall*, 797 P.2d at 186.

5

This Court's analysis, therefore, focuses on whether the State met its affirmative duty to come forward with evidence to show that there was a reasonable excuse for the delay and that Barker was not prejudiced by the delay.

When analyzing the reason for delay, a court must balance the State's actions against those of the defendant. In this case, citing *State v. Hembd* (1992), 254 Mont. 407, 838 P.2d 412, the State contends that the cause for the delay was purely institutional, and although chargeable to the State, it should be given only minimal weight when balancing the *Barker* factors. The State asserts that there is nothing in the record to indicate that the State intentionally delayed the trial to gain some tactical advantage over Barker, or to harass him, which are the types of oppressive tactics that the right to a speedy trial is designed to protect against.

There is no question in this instance that Barker was not responsible for any of the delay. He did not once ask for, nor acquiesce in the continuances. He consistently opposed them by twice asserting his right to a speedy trial. Although we agree that an institutional delay weighs less heavily than other kinds of delays in the balancing process, the record here establishes only minimal justification for this lengthy delay, other than the fact that the court had a crowded calendar.

A review of the record yields no evidence that the State attempted to reschedule the trial after the first two dates were

continued by the court. Although this delay may have been unavoidable due to institutional reasons, this does not mean that the State is relieved of its responsibility and the duty to bring an accused to trial in a timely manner. *State v. Wombolt* (1988), 231 Mont. 400, 753 P.2d 330. Nor does the fact that Barker was already incarcerated for other reasons serve as a justification for failing to bring this case to trial for well over a year.

With regard to the continuance of the January 21 trial date, although unclear, the record suggests that Barker's trial was preempted by another trial. However, the State has neither presented evidence with respect to the circumstances surrounding the other trial, nor has it offered any other reasons for the indefinite postponement. What is clear from the record is that no affirmative efforts were made by the State to move for another trial setting.

Because the State was unable to demonstrate either compelling circumstances to warrant such a lengthy delay, or that it diligently pursued bringing Barker's case to trial, we conclude that, in this instance, the delay weighs heavily against the State.

We now turn to the question of prejudice. Where the trial in a criminal proceeding has been delayed, the court must consider the following interests which are protected by the right to speedy trial: (1) prevention of oppressive pretrial incarceration, (2) minimization of the defendant's anxiety and concern, and

7

(3) avoidance of impairment of the defense. *Barker*, 407 U.S. at 532; *Van Voast*, 805 P.2d at 1384.

Barker reiterates that the length of delay in this instance gives rise to a rebuttable presumption of prejudice. He also contends that the record adequately demonstrates that he was prejudiced by the pretrial incarceration and that he suffered anxiety and concern due to the delay.

Barker does not assert that his pretrial incarceration was attributable solely to the pending charges, but he argues that the delay resulted in significant and oppressive impacts with respect to his incarceration. Although we stated in *Hembd*, 838 P.2d at 416, that the defendant's incarceration on another charge negated any prejudice arising from being incarcerated awaiting trial, we conclude, after reviewing the record in this instance, that there is evidence that the pending charges did affect Barker's eligibility for pre-release and parole. The State's only rebuttal, however, is its contention that Barker was not able to definitively show that he would have been eligible for a pre-release program in the absence of the felony theft charges. We agree there is no proof that Barker would have been eligible for a pre-release program. However, Barker did not have the opportunity to test his eligibility due to the pending charges. Therefore, this assertion by the State does not satisfy its burden of demonstrating that Barker was not prejudiced by being incarcerated while awaiting trial.

8

Finally, Barker contends that the record contains ample evidence that he suffered anxiety and concern over the pending charges. The State relies on the District Court's finding that "the causes of the defendant's anxiety cannot be determined with any degree of certainty, and the anxiety cannot be attributed to the pendency of this case." The argument that there is no proof of prejudice in the record is not persuasive. It is the State's burden to prove that Barker was not prejudiced and it has offered no evidence to establish that fact.

After considering the circumstances of this case and carefully balancing the *Barker* factors, we conclude that the State has failed to satisfy its burden of rebutting the presumption of prejudice and demonstrating a reasonable excuse for the delay. Therefore, we hold that Barker's constitutional right to a speedy trial was violated. The U.S. Supreme Court has made clear that the remedy for a violation of one's right to a speedy trial is reversal of the conviction and dismissal. *Strunk v. United States* (1973), 412 U.S. 434, 93 S. Ct. 2260, 37 L. Ed. 2d 56. On this basis, we reverse the judgment of the District Court and dismiss the charges that are the subject of this appeal.

_____
Justice

9

We concur:

_____
Chief Justice

_____

_____

_____
Justices

10

November 2, 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

William F. Hooks
Appellate Defender
P. O. Box 200145, Capitol Station
Helena, MT  59620-0145


Hon. Joseph P. Mazurek, Attorney General
, Assistant
215 N. Sanders, Justice Bldg.
Helena, MT  59620


A. Michael Salvagni
County Attorney
615 S. 16th St.
Bozeman, MT  59715



ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
    Deputy