No. 93-479

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

STATE OF MONTANA,

     Plaintiff and Respondent,

v.

MICHAEL THOMAS STEWART,

     Defendant and Appellant

**FILED**

SEP 20 1994

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Nineteenth Judicial District,
In and for the County of Lincoln,
The Honorable Robert S. Keller, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Amy N. Guth, Public Defender's Office,
Libby, Montana

    For Respondent:

        Hon. Joseph P. Mazurek, Attorney General,
Micheal Wellenstein, Assistant Attorney
General, Helena, Montana

        Scott B. Spencer, Lincoln County Attorney,
Libby, Montana

Submitted on Briefs: May 19, 1994

Decided: September 20, 1994

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Defendant Michael Thomas Stewart appeals from an order of the Nineteenth Judicial District Court, Lincoln County, denying defendant's motion to dismiss on the grounds of denial of a speedy trial.

The decision of the District Court is affirmed.

The sole issue on appeal is whether the District Court erred in denying defendant's motion to dismiss on speedy trial grounds.

On January 28, 1991, a Lincoln County jury found defendant Michael Stewart guilty of theft, attempted theft, and forgery. The District Court sentenced defendant to serve ten years on each count in the Montana State Prison, with five years suspended on each count. The court ordered these sentences to run concurrently. Defendant appealed his conviction to this Court; execution of his sentences was stayed pending appeal.

In October 1991, the United States charged defendant with conspiracy and mail fraud. Defendant was found guilty of conspiracy to commit mail fraud. The Federal District Court sentenced defendant to a term of fourteen months in prison and three years of supervised release upon his release from prison.

On June 23, 1992, this Court reversed and remanded defendant's Lincoln County felony convictions. While Stewart was serving his federal sentence in South Dakota, this Court issued a remittitur on July 9, 1992, and filed it in the District Court on July 13, 1992. The District Court issued a warrant for defendant's arrest on

2

August 5, 1992, charging him with attempted theft, theft, and, forgery.

A detainer was filed by the State on July 8, 1992. On August 6, 1992, the State forwarded the appropriate detainer documents to the federal prison. On August 18, 1992, federal prison authorities informed defendant of the detainer and advised him of his right to request final disposition of the Montana charges within 180 days pursuant to Article III of the Interstate Agreement on Detainers. Defendant did not request a final disposition.

On April 20, 1993, defendant was released from federal prison and brought to Lincoln County to face the three felony charges. On April 23, the court released defendant on his own recognizance and appointed counsel to represent him.

A trial date was set for July 26, 1993. On June 9, 1993, defendant filed a motion to dismiss for lack of a speedy trial, claiming that 378 days had elapsed from the filing of the remittitur to the trial date. The court denied defendant's motion to dismiss and granted his motion to continue, resetting the trial for August 24, 1993.

The court granted defendant's motion to dismiss the theft charge on the grounds of double jeopardy; accepted defendant's guilty plea to the charge of attempted theft; dismissed the forgery charge; and sentenced defendant to a two-year suspended sentence to run concurrently with the federal sentence.

3

Defendant asserts that he has been denied the right to a speedy trial by a delay of 378 days from the time of the filing of the remittitur on July 13, 1992, to the date of the second trial on July 26, 1993. Defendant argues that his right to a speedy trial is protected by the Sixth Amendment to the United States Constitution and is not limited by the Interstate Agreement on Detainers, Article III(1) of § 46-31-101, MCA.

The record shows that the defendant failed to petition the State to dispose of the charges within 180 days pursuant to Article III(1) of the Interstate Agreement on Detainers which provides in part:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition . . . .

Article III(1) of § 46-31-101, MCA.

The State did not make a request for temporary custody under Article IV of the Interstate Agreement on Detainers which provides in part:

> The appropriate officer of the jurisdiction in which an untried indictment, information, or complaint is pending shall be entitled to have a prisoner against whom he has lodged a detainer and who is serving a term of imprisonment in any party state made available in accordance with Article V(1) hereof upon presentation of a written request for temporary custody or availability

4

to the appropriate authorities of the state in which the prisoner is incarcerated . . . .

Article IV(1) of § 46-31-101, MCA.

In a memorandum supporting its order denying defendant's motion to dismiss, the District Court found that defendant's failure to demand a trial under Article III of the Interstate Agreement on Detainers was not a waiver of his right to a speedy trial under the Sixth Amendment. Also, the court found that the State's failure to request temporary custody of defendant did not deprive defendant of a speedy trial.

Defendant argues that the court denied his motion to dismiss because defendant failed to demand a trial to dispose of the charges pursuant to Article III of the Interstate Agreement on Detainers. Defendant contends that the court wrongly interpreted the Interstate Agreement on Detainers by turning defendant's right to dispose of the charges within 180 days into a condition precedent that must be exercised in order to preserve the right to a speedy trial.

The record does not support defendant's contention. The court viewed defendant's failure to exercise his right under Article III of the Interstate Agreement on Detainers as a factor to be considered, rather than a dispositive fact, in determining whether defendant had been denied a speedy trial. The court correctly analyzed defendant's claim under the test set forth in Barker v. Wingo (1972), 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101. This

5

Court adopted the Barker test in State ex rel. Briceno v. District Court (1977), 173 Mont. 516, 518, 568 P.2d 162, 163-64.

The accused's right to a speedy trial in a criminal prosecution is guaranteed by the Sixth Amendment to the United States Constitution, and Article II, Section 24, of the Montana Constitution. To determine whether a defendant's right to a speedy trial has been violated, this court must balance four factors: (1) length of delay, (2) reason for delay, (3) the defendant's assertion of his right, and (4) the prejudice to defendant. Barker, 407 U.S. at 530; State v. Thompson (1993), 263 Mont. 17, 32, 865 P.2d 1125, 1135; State v. Hembd (1992), 254 Mont. 407, 413, 838 P.2d 412, 416; State v. Heffernan (1991), 248 Mont. 67, 70, 809 P.2d 566, 568. Of the four Barker factors, no one factor is determinative; all four must be considered in light of the facts and circumstances. Thompson, 865 P.2d at 1135; State v. Morris (1988), 230 Mont. 311, 317, 749 P.2d 1379, 1382.

### (1) LENGTH OF DELAY

We have held that the first factor, length of delay, is of primary importance. The other factors need not be considered unless the length of delay is presumptively prejudicial. Thompson, 865 P.2d at 1134; State v. Dahms (1992), 252 Mont. 1, 12, 825 P.2d 1214, 1220. Whether the length of delay will be considered presumptively prejudicial depends on the facts of each case. The initial computation of length of delay is made without allocation of days to either party. Thompson, 865 P.2d at 1135; Dahms, 825 P.2d at 1220; Heffernan, 809 P.2d at 568. While delays of over 200

6

days will usually trigger the full speedy trial analysis, Dahms, 825 P.2d at 1220-21; State v. Wombalt (1988), 231 Mont. 400, 753 P.2d 330, we have held that a delay of 175 days was presumptively prejudicial. State v. Bartnes (1988), 234 Mont. 522, 764 P.2d 1271.

In the case of retrials, it is the time of the filing of the remittitur which is controlling in determining a defendant's speedy trial rights. State v. Cardwell (1981), 191 Mont. 539, 545, 625 P.2d 553, 556, State v. Sanders (1973), 163 Mont. 209, 214, 516 P.2d 372, 375. In the present case, the clock began running when the remittitur was filed in District Court on July 13, 1992, and stopped running July 26, 1993, the date set for trial. The 378 days between the filing of the remittitur and the trial date is presumptively prejudicial to defendant, therefore, the remaining three factors must be considered.

## (2) REASONS

In considering the second factor, the reasons for the delay, we allocate the delay by determining how much time is attributable to each party. Thompson, 865 P.2d at 1135; Heffernan, 809 P.2d at 568.

A total of 378 days elapsed between the filing of the remittitur on July 13, 1992, and the July 26, 1993, trial date. Defendant argues that when a defendant is incarcerated in a foreign jurisdiction, the State must acquire temporary custody over the defendant pursuant to Article IV of the Interstate Agreement on Detainers in order to guarantee a speedy trial. Defendant argues

7

that all of the 378 days are chargeable to the State because the State did not seek temporary custody over defendant. We do not agree.

The record shows that 36 days elapsed from the July 13, 1992, filing of the remittitur to the August 18, 1992, filing of the detainer. Ninety-seven days elapsed from the April 20, 1993, release of defendant into the custody of the State of Montana to the July 26, 1993, trial date. All of this 133 day delay was institutional and is chargeable to the State of Montana. There is nothing in the record to suggest that this delay was purposeful or caused by bad faith on the part of the State. We do not suggest that a defendant should waive the right to a speedy trial because of institutional delays. However, institutional delay weighs less heavily against the State than does purposeful delay. Thompson, 865 P.2d at 1135; Hembd, 838 P.2d at 416.

In State v. Grant (1987), 227 Mont. 181, 738 P.2d 106, this Court addressed the amount of time chargeable to a defendant incarcerated in a foreign jurisdiction where a detainer had been filed. We held that the time chargeable to the defendant began when the State of Montana issued the first of three detainers to the defendant and the State of Idaho notifying them of the charges pending against the defendant in Montana. Grant, 738 P.2d at 109. The time chargeable to the defendant stopped running when the defendant asserted his right to a speedy trial by requesting a final disposition of the Montana charges. Grant, 738 P.2d at 109. We concluded that because the defendant knew the charges were

8

pending against him in Montana, it was up to the defendant to request a speedy disposition of the charges against him. Grant, 738 P.2d at 109.

The record shows that 245 days elapsed from the August 18, 1992, filing of the detainer to the April 20, 1993, release of defendant into the custody of the State of Montana. Defendant was aware of the charges pending in Montana and of his right to request a final disposition of those charges under Article III of the Interstate Agreement on Detainers. Defendant did not exercise this right. The total 245 days is chargeable to defendant. Grant, 738 P.2d at 109-10.

### (3) ASSERTION OF THE RIGHT

The record shows that defendant satisfied the third element by moving to dismiss the action on speedy trial grounds on June 9, 1993, prior to the commencement of his trial.

### (4) PREJUDICE TO THE DEFENDANT

The final Barker factor is prejudice to the defendant. Three interests of a defendant may be prejudiced by a delay in coming to trial. These interests are: (1) pretrial incarceration, (2) anxiety and concern, and (3) impairment of defense. Thompson, 865 P.2d at 1135; Hembd, 838 P.2d at 416; Barker, 407 U.S. at 532. While all three are important, the most critical interest is impairment of defense. Thompson, 865 P.2d at 1135; State v. Mooney (1991), 248 Mont. 115, 119, 809 P.2d 591, 594.

The first interest we must consider is the defendant's right to prevent oppressive pretrial incarceration and its resulting

9

prejudice. Heffernan, 809 P.2d at 570; Barker, 407 U.S. at 532. Defendant was released into the custody of the State of Montana on April 20, 1993. The District Court released defendant on his own recognizance on April 23, 1993, to stand trial on July 26, 1993. Defendant was not incarcerated during this period and cannot complain of prejudice.

Defendant argues that the detainer caused him to suffer prejudice during his incarceration in federal prison following his conviction on conspiracy to commit mail fraud. Defendant was charged by the State of Montana with theft, attempted theft, and forgery resulting from the same circumstances as the federal charge. We have held that "incarceration on a separate charge negates any prejudice arising from being incarcerated awaiting trial." Hembd, 838 P.2d at 416; State v. Palmer (1986), 223 Mont. 25, 27-28, 723 P.2d 956, 959; State v. Harvey (1979), 184 Mont. 423, 435, 603 P.2d 661, 668. The record shows no evidence of oppressive pretrial incarceration. Defendant would have been incarcerated on the federal charges even if the State of Montana had not filed a detainer. There is no evidence that defendant suffered any prejudice from his pretrial incarceration.

The second interest we must consider is the level of anxiety the detainer caused the defendant. Defendant contends that his anxiety increased while in federal prison because after the detainer was filed he was denied furloughs that would have allowed him to visit his immediate family, including his elderly mother. We have previously stated that a certain amount of anxiety and

10

concern is inherent in being charged with a crime, and that the existence of anxiety or emotional distress is notoriously difficult to prove. Thompson, 865 P.2d at 1135; State v. Curtis (1990), 241 Mont. 288, 303, 787 P.2d 306, 316. Although defendant did not act to remove the source of his anxiety by requesting a disposition of the State charges, defendant can be presumed to have experienced some anxiety and concern due to the detainer.

The final and most important consideration is whether the delay impaired or prejudiced the defense. Defendant argues that the State impeded his defense by denying him effective assistance of counsel. Defendant contends that following his federal conviction and incarceration he was unable to retain private counsel to prepare a defense to the pending State charges. Defendant further contends that had the State extradited him in a timely manner he would have been able to request a public defender sooner than he did.

The record shows that defendant was released on his own recognizance on April 23, 1993, and that he remained free through the final disposition of the State charges. During that time the court granted defendant's request for public counsel. The record reveals that defendant's counsel provided an effective defense. The court granted defendant's motion to dismiss the theft charge. The court accepted defendant's guilty plea to the charge of attempted theft, and the court dismissed the forgery charge. Defendant received a two year suspended sentence to run concurrently with his federal sentence.

11

After considering the above three factors in light of the record, we conclude defendant was not prejudiced by the delay. Defendant's own conduct prevented the State from bringing him to a speedy trial. He cannot now complain that he was denied a speedy trial. Grant, 738 P.2d at 110.

We hold that under the four-factor balancing test of Barker, defendant was not denied his right to a speedy trial, and the District Court did not err in denying defendant's motion to dismiss.

The District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____
_____
_____
Justices

September 20, 1994

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Amy N. Guth
Public Defender's Office
418 Mineral Ave.
Libby, MT  59923


Hon. Joseph P. Mazurek, Attorney General
Micheal Wellenstein, Assistant
Justice Bldg.
Helena, MT  59620


Scott B. Spencer
Lincoln County Attorney
512 California Ave.
Libby, MT  59923




ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *N. Gallagher*
Deputy