No. 94-359

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

STATE OF MONTANA,

     Plaintiff and Appellant,

  -v-

LARRY D. MATTHEWS,

     Defendant and Respondent.



FILED

APR 18 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Seventeenth Judicial District,
             In and for the County of Phillips,
             The Honorable M. James Sorte, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

          Hon. Joseph Mazurek, Attorney General, Mark J.
          Murphy, Assistant Attorney General, Helena, Montana;
          Ed Amestoy, Phillips County Attorney, Malta, Montana

     For Respondent:

          Robert D. Morrison, Morrison Law Firm, Whitefish,
          Montana



                      Submitted on Briefs:  January 19, 1995

                             Decided: April 18, 1995

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court

The State of Montana appeals from an order of the Seventeenth Judicial District Court, Phillips County, dismissing the action against the defendant, Larry D. Matthews, for lack of a speedy trial. We affirm.

The State raises three issues on appeal, which we have consolidated into one issue and state as follows:

Was the defendant denied his constitutional right to a speedy trial?

Larry Matthews is the owner/operator of Delta Ford, a motor vehicle dealership in Malta, Montana. On May 12, 1993, Matthews was charged by information with six counts of forgery, all felonies, in violation of § 45-6-325, MCA, or in the alternative six counts of felony theft, in violation of § 45-6-301, MCA. The information alleged that Matthews drafted six cash rebate checks in amounts of $500 or $1000, on the account of the Ford Division-Customer Cash Assistance account. The checks were made payable to the six **customers** who were entitled to receive the rebates. According to the affidavit in support of the information, Matthews made the checks payable to the benefit of Delta Ford, and forged the customers' names on the checks without their knowledge or authority. The information alleged that Matthews' purpose was to either defraud the customers of the rebate money, or to defraud the manufacturer.

Matthews was summoned to appear on the charges on May 21, 1993. Matthews appeared in court with his attorney on this date,

and was advised of the charges against him.  Matthews requested more time to enter a plea, and the court continued the **matter** to a later date.

The record indicates that no further action was taken on the case until June 18, 1993, when Matthews moved to dismiss the information.  The motion raised the issue of failure to charge with certainty and precision in the information, as well as raising the issue of insufficiency of the affidavit in support of filing the information.  Matthews also requested discovery and inspection of evidence  in the State's possession on this same date.  The prosecution then moved for a continuance to respond to the **motion** to dismiss which the court granted.  The District Court never ruled on Matthews' pretrial motions.

The next action indicated by the record occurred on September 21, 1993, when Matthews moved the court to compel discovery, and suppress evidence.  Matthews also requested that the court hold an evidentiary hearing **on** his **motion** to suppress.  The State responded **to** the **motions,** however again the court made no rulings on the motions.

On December 9, 1993, the State filed a motion to set a trial date, which indicated that Matthews had been properly arraigned, but that a trial date had not yet been set.  Matthews objected to the motion on December 15, 1993, on the basis that he had not been arraigned,  and because the court had never ruled on his pretrial **motions.**

Further delay was caused by the **retirement** of Judge Leonard H.

3

Langen, who retired from the bench on December 31, 1993. The newly-appointed District court Judge recused himself from jurisdiction on January 14, 1994, as did the District Court Judge invited to assume jurisdiction. District Court Judge James M. Sorte assumed jurisdiction on February 7, 1994.

The court then set a date for a jury trial for March 7, 1994. Although not evident from the record, the State claims that Matthews objected to the trial date, apparently on the grounds that the court had not ruled on his pretrial motions, and because he had never been arraigned. Consequently, the District Court scheduled a hearing on the motions for April 18, 1994. This hearing was rescheduled for May 2, 1994, due to "scheduling conflicts."

The parties appeared in court on the scheduled date, and the court heard arguments on Matthews' motion to dismiss and took the matter under advisement. The court also heard argument concerning Matthews' motion to compel discovery, and ordered the State to prepare an order directing the Clerk of the District Court to release the investigative file concerning Matthews.

At this same hearing, Matthews advised the court that he would be filing a motion to dismiss for failure to provide a speedy trial. Matthews filed this motion on May 16, 1994, and on June 7, 1994, the District Court entered its order dismissing the action with prejudice. The State appeals from this order.

A criminal defendant's right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Article II, Section 24, of the Montana Constitution. State v.

Stewart (1994), 266 Mont. 525, 529, 881 P.2d 629, 632. This Court uses the test from Barker v. Wingo (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, to determine whether a defendant's constitutional right to a speedy trial has been violated. State ex rel. Briceno v. District Court (1977), 173 Mont. 516, 568 P.2d 162. This test requires a balancing of the following four factors:

    1) length of the delay;
    2) reason for the delay;
    3) assertion of the right by the defendant; and
    4) prejudice to the defendant.

Stewart, 881 P.2d at 632. No one factor is determinative, rather, each factor is weighed in light of the surrounding facts and circumstances. Stewart, 881 P.2d at 632.

The first factor to be considered, the length of the delay, is of primary importance, as it acts as a "triggering" mechanism. If the delay is found to be presumptively prejudicial, this triggers further analysis of the remaining three factors. State v. Eklund (1994), 264 Mont. 420, 424, 872 P.2d 323, 326. In this case the State concedes that the delay of 298 days from the date Matthews was charged (May 12, 1993), to the date he would have been tried, (March 7, 1994), is sufficient to warrant further analysis. See, State v. Thompson (1993), 263 Mont. 17, 865 P.2d 1125 "[a] delay of over 200 days will usually trigger the full analysis." Because of the presumption of prejudice, the State has the burden of providing a reasonable explanation for the delay, and for showing that Matthews was not prejudiced by the delay. Eklund, 872 P.2d at 326.

Consideration of the second factor, the reason for the delay, requires us to allocate portions of the overall delay between the

5

parties to determine which party is responsible for causing any given period of delay. Thompson, 865 P.2d at 1135. The record indicates that the delay in this case can be entirely attributed to the State, and resulted from the District Court's failure to rule or take any action on Matthews' pretrial motions and for its failure to arraign Matthews. In fact, in its brief in opposition to Matthews' motion to dismiss for lack of a speedy trial, which it filed in District Court, the State conceded that:

> [a]lthough the delay results entirely in time spent deciding defense motion[s], it would be disingenuous to suggest that the Defendant caused the delay. The District Court must be allowed reasonable time to decide motions, the time spent on these motions is excessive. The District Court never decided those Motions.

While the State attempts to attribute the delay to Matthews on appeal, we conclude that the delay resulted from the court's failure to arraign Matthews, from its failure to rule on the pretrial motions, and the prosecution's lack of diligence.

The delay caused by the court's failure to arraign Matthews, and to rule on the pretrial motions is classified as "institutional delay," and is chargeable to the State. State v. Hembd (1992), 254 Mont. 407, 413, 838 P.2d 412, 416. Institutional delay weighs less heavily on the State than does purposeful delay. Hembd, 838 P.2d at 416. While the prosecution argues that it "did everything reasonably within [its] means to bring this case to trial," the record does not reflect that the prosecution attempted to set a new date for Matthews' arraignment and entry of plea, or to notify the court of its failure to hold a proper arraignment. In addition, while the prosecution claims it contacted the court concerning its

6

failure to rule on Matthews' pretrial motions, it produced nothing by means of affidavit or otherwise to demonstrate it had done so.

With regard to the prosecution's diligence in bringing the case to trial, the only formal action the prosecution took was when it filed the motion to set a trial date on December 9, 1993. Matthews objected to this motion because he had not been arraigned and because the court had not ruled on his pretrial motions. Because Matthews' objection was merely advising the court of its failure to arraign him and to rule on his pretrial motions, we cannot attribute this delay to him.

The State has a duty to move the prosecution forward in a timely manner. State v. Barker (1993), 261 Mont. 379, 383, 862 P.2d 1112, 1115. The State failed to demonstrate a compelling circumstance to warrant the institutional delay, or that it diligently pursued bringing Matthews' case to trial. Accordingly, we weigh the entire delay against the State. Barker, 862 P.2d at 1115.

In addressing the third factor, assertion of the right, the State argues that the manner in which Matthews asserted his right does not suggest that he made a good faith effort to obtain a speedy trial. The State contends that Matthews sat by idly and did nothing to get the case moving, and only when the District Court began to move the case along, by setting a trial date, did Matthews assert his right to a speedy trial.

The State relies on State v. Carden (1977), 173 Mont. 77, 88, 566 P.2d 780, 786, in support of its argument that the manner in

7

which a defendant seeks a speedy trial is "entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." Quoting Barker, 407 U.S. at 531, 92 S.Ct. 2192-93. According to the manner in which the defendants in Carden asserted their speedy trial right, we concluded that they did not really want a speedy trial. In Carden, the defendants did not request a speedy trial until 507 days after they were charged, during which time they had asked for and received continuances and had failed to object to continuances requested by the State. In addition, prior to filing their motion for a speedy trial, the defendants had not pursued any pretrial discovery. Finally we noted that the defendants waited until the eve of trial to file their motion for dismissal for lack of a speedy trial. Carden, 566 P.2d at 786.

The facts of Carden are distinguishable from the facts of the instant case. Here, Matthews asserted his right to a speedy trial at the first appearance he was required to make since he initially appeared on May 21, 1993. Matthews also had filed pretrial motions, including a request for discovery and a motion to compel discovery. Based on these facts, we conclude that Matthews satisfied the assertion of the right element by notifying the court of his intent to move to dismiss the action on speedy trial grounds at his first appearance, and by his filing the motion shortly thereafter.

The final factor which must be analyzed under the Barker test is prejudice to the defendant. Prejudice is assessed in light of

three interests which the speedy trial right was designed to protect. These interests are: (1) prevention of oppressive pretrial incarceration, (2) minimization of the defendant's anxiety and concern, and (3) avoidance of impairment of the defense. Barker, 862 P.2d at 1115. All three factors are important, however, the most critical interest is impairment of the defense. Stewart, 881 P.2d at 633.

In considering the first interest, the prevention of oppressive pretrial incarceration, we conclude that Matthews did not suffer any prejudice as a result of pretrial incarceration, as he was never incarcerated.

Regarding the second interest, anxiety and concern, the District Court noted that the felony charges levied against Matthews, and his affidavit demonstrate that he suffered anxiety and concern. The State argues however, that Matthews' claims of anxiety and concern are purely conclusory, and the State was not afforded an opportunity to challenge Matthews' claims that he suffered prejudice as a result of anxiety and concern.

We find the State's arguments unpersuasive. Matthews did present some evidence by affidavit that he suffered anxiety and concern, and the State failed to meet its burden to prove that Matthews was not prejudiced. Barker, 862 P.2d at 1116. Regarding the State's argument that it was not provided an opportunity to challenge Matthews' claims concerning anxiety and concern, we note that the State did not request an evidentiary hearing to rebut Matthews' claims, and therefore this argument is without merit.

9

The final interest we must consider is whether Matthews' defense was impaired by the delay.  In this case the record indicates that Matthews moved to compel discovery of interviews the State conducted of sixty-one Delta Ford customers.  Matthews alleged that the interviews would provide exculpatory evidence because the procedures used in dealing with those customers were the same as those used in dealing with the customers involved in the charged counts. According to Matthews, the interviews would be exculpatory because he believed the individuals interviewed were satisfied with the manner in which they received or were credited with rebates.  Matthews moved the court to compel this discovery because he did not have the resources to interview all sixty-one customers.  The court never ruled on Matthews' motion.

On appeal, Matthews alleges the records are now unavailable because they have either been lost or destroyed.  The State does not deny this allegation, but instead argues that Matthews was not prejudiced by not having the interview notes because Matthews knew who his business customers had been, and he could have interviewed them if he thought they held exculpatory information.  In light of both Matthews' allegations concerning the loss or destruction of the interview records, and the State's apparent concession to this charge, we conclude that Matthews' defense was prejudiced by the delay.

After considering the four factors of the Barker test in relation to the circumstances of this case, we conclude that the State has failed to meet its burden of rebutting the presumption of

prejudice and demonstrating a reasonable excuse for the delay Therefore, we hold that the District Court was correct in granting Matthews' speedy trial motion and dismissing the charges with prejudice.

AFFIRMED.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

11