JUSTICE TRIEWEILER
specially concurring in part and dissenting in part.
I concur with the majority’s disposition of Issues 1, 2, and 4.
I dissent from the majority’s conclusion that the defendant was not denied her constitutional right to a speedy trial.
The defendant was arrested on August 20,1992, and was not tried until February 14, 1994 — 543 days later. The majority concedes, based on our prior decisions, that a delay of nearly one and one-half years from the date of arrest to the date of trial is presumptively prejudicial. The majority also concedes that the defendant timely asserted her right to a speedy trial. However, the majority then avoids enforcement of this defendant’s constitutional right to a speedy trial by concluding that 278 days of the delay is the fault of the defendant for moving to continue a hearing while she was incarcerated out of state, and by further concluding that the defendant has failed to show prejudice from a nearly one and one-half year delay (apparently forgetting the earlier presumption of prejudice).
I disagree with the majority’s conclusion for two reasons: (1) The 278 days attributed by the majority to Ronda were not, in fact, a result of her motions. They were due to her incarceration out of state. When the majority, in effect, held that the defendant’s time in Oregon is attributed to her for purposes of speedy trial analysis, it completely ignored our holding in State v. Robbins (1985), 218 Mont. 107, 116-17, 708 P.2d 227, 233-34; and (2) when the majority concluded that the defendant had failed to establish prejudice from the one and one-half year delay of her trial, it completely ignored the fact that prejudice was presumed and the State failed to in any way rebut the presumption.
The issue in Robbins was stated as follows: “The real issue, however, is whether Robbins or the State should be charged with the time Robbins was in Idaho resisting extradition to Montana.” Robbins, 218 Mont. at 115, 708 P.2d at 233 (emphasis added).
*455 This Court held that that time during which a defendant, incarcerated out of state resists extradition to Montana is not attributable to the State for purposes of calculating the length of delay. However, this Court went on to state that:
Diligent prosecution includes a timely demand for extradition of a defendant, and extradition proceedings are a sufficient reason for delay if the State has been diligent. State v. Smith, [206 Mont. 99, 670 P.2d 96 (1983)] supra. The right of a defendant to resist formal extradition, however, cannot be charged to the State when computing the length of delay for speedy trial, if the State is acting in good faith. Balla [v. State, 544 P.2d 1148 (1976)] supra. The right of a defendant to a speedy trial commences when he becomes an accused. [U.S. v.] Marion, [404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971)] Smith, [State v.] Larson [191 Mont. 257, 623 P.2d 954 (1981)], and [State v.] Ackley [201 Mont. 252, 653 P.2d 851 (1982)], supra. The court then must acquire in personam jurisdiction over the accused to engage in proceedings leading to a trial. If the accused is out of state, the State must act diligently and in good faith to acquire jurisdiction. At the same time, the accused has a right to resist extradition. When he does so, however, he loses those days he resists from computation of length of delay. When an accused does not resist, those days should not be weighed against him when the State is acting diligently and in good faith. For this reason, inclusion of those days in computing the length of delay, as was done in Ackley, will no longer be the rule. Only those days an accused actively resists extradition will be included. Days in which the court does not or cannot, through the State’s efforts, acquire jurisdiction over an accused will be counted against the accused and will not be included in computing the length of delay.
Robbins, 218 Mont. at 116-17, 708 P.2d at 233-34 (emphasis added).
In this case, there is no evidence that the defendant ever resisted extradition. Neither is there evidence that the State acted diligently to seek extradition. Therefore, based on Robbins, there is no justification for attributing to her the 222 days she was in Oregon for purposes of deciding whether she was denied her constitutional right to a speedy trial.
The majority circumvents the holding in Robbins by concluding that, because the defendant moved to continue a hearing until she could return from out of state and be personally present, the time out of state is now attributable to her. That holding ignores the reason for her motion, and effectively reverses our prior holding in Robbins, *456 without ever saying so. If her time of incarceration out of state is assigned to the State, and if her motion was necessary because she was incarcerated out of state, how can the delay be attributed to her? The majority’s solution is little more than a shell game. When the 222 days erroneously attributed to the defendant is added to the 265 days which the majority concedes is attributable to the State, the actual period during which defendant was denied her right to a speedy trial is 487 days.
Since the majority concedes that we have, in the past, found a delay of 200 days to be presumptively prejudicial, a delay of over twice that length certainly creates a presumption of prejudice. We have recently held that where the presumption of prejudice attaches and is not rebutted by the State, and where the other factors from the test set forth in Barker v. Wingo (1972), 407 U.S. 514, 530, 92 S.Ct. 2182, 2191-92, 33 L.Ed.2d 101, are satisfied — as the majority concedes they are in this case — a conclusion that the right to a speedy trial was denied is necessary. State v. Tweedy (1996), 922 P.2d 1134, 1140, 53 St. Rep. 656, 661. In that case we held that:
When the delay is presumptively prejudicial, the burden shifts to the State to rebut the presumption by showing a reasonable explanation for the delay and demonstrating that the defendant was not prejudiced by the delay.
Tweedy, 922 P.2d at 1138, 53 St. Rep. at 659 (citing State v. Matthews (1995), 271 Mont. 24, 28, 894 P.2d 285, 287).
Here, there was no reasonable explanation for a delay of 487 days. Merely asserting that the delay was institutional, rather than by design of the prosecution, is not an adequate explanation. As the majority acknowledges, institutional delay is attributed to the State. It is the State’s duty to bring the defendant to trial. The State cannot sit back for nearly one and one-half years and be satisfied that the district court has not set a trial date.
Furthermore, the State did nothing to demonstrate that the defendant was not prejudiced by the delay. In fact, the primary evidence which linked the defendant to witness tampering was a very old statement made by a child to law enforcement officials. That child repudiated the statement at the time of trial. Whether her repudiation was due to the passage of time and failure of her memory, or a conscious decision on her part not to deny her earlier statement is speculative. The fact is, she was no longer available for cross-examination, and the defendant was unable to cross-examine the prior statements which were used as substantive evidence against her. *457 Whether these facts would be sufficient by themselves to establish prejudice is irrelevant. The critical point is that the State did nothing to satisfy its burden that it demonstrate an absence of prejudice. In Tweedy we found that failure conclusive. We held:
Moreover, given the presumptively prejudicial delay, the burden shifted to the State in this case to rebut the presumed prejudice. [State v.] Matthews [271 Mont. 24], 894 P.2d [285] at 287 [(1995)]. The State did not respond to Tweedy’s motion via either a brief or argument at the hearing. It did not present any evidence, as required by Matthews, to prove that Tweedy was not prejudiced. See Matthews, 894 P.2d at 289.
... More importantly, the appropriate place to respond to Tweedy’s claim of prejudice was in the District Court, not in this Court. The State could, and should, have done so by responding to Tweedy’s motion and requesting an evidentiary hearing to rebut his claims. It did not.
Once the burden has shifted to the State to rebut presumed prejudice, however, it is the State’s duty to respond to a speedy trial motion and to properly raise, for resolution by the district court, the issues related thereto. Under the well-established principle that we will not consider an issue raised for the first time on appeal, the State acts at its own peril if it fails to do so. See [State v.] Weeks [270 Mont. 63], 891 P.2d [477] at 491 [(1995)].
In this case, the State failed to raise either its fact-based responses or its legal authority regarding the sufficiency of Tweedy’s assertions in the District Court. Thus, on this record, we conclude that the State failed to meet its burden of rebutting the presumed prejudice to the defense as a matter of law. Consequently, we weigh the prejudice factor in Tweedy’s favor.
Tweedy, 922 P.2d at 1139-40, 53 St. Rep. at 660-61.
For the same reasons that the charges against the defendant in Tweedy were dismissed, the charges against this defendant should have been dismissed. She was unquestionably denied her right to a speedy trial. Prejudice from that denial was presumed. The State did nothing to rebut the presumption of prejudice.
The greater problem with the majority opinion is that it adds to the mish-mash of result-oriented case law from this Court with regard to the speedy trial issue. Speedy trial case law in Montana will soon rival our decisions that apply Rule 404(b), M.R.Evid., for inconsistency.
*458 On the one hand, we have consistently held that a delay of more than 200 days gives rise to a presumption of prejudice. See e.g. State v. Wombolt (1988), 231 Mont. 400, 402-03, 753 P.2d 330, 331 (214 days); State v. Palmer (1986), 223 Mont. 25, 27-28, 723 P.2d 956, 958 (256 days); State v. Chavez (1984), 213 Mont. 434, 441-42, 691 P.2d 1365, 1370 (214 days); State v. Ackley (1982), 201 Mont. 252, 256, 653 P.2d 851, 853 (257 days). On the other hand, without regard to that presumption, we hold defendants to the burden of proving prejudice, as we have done in this case.
We attribute institutional delay to the State, Wombolt, 231 Mont. at 403, 753 P.2d at 331-32, and Ackley, 201 Mont. at 256, 653 P.2d at 853-54, but then conclude that institutional delay does not weigh as heavily against the State as intentional delay. Wombolt, 231 Mont. at 403, 753 P.2d at 331-32; Chavez, 213 Mont. at 442, 691 P.2d at 1370. This Court has lost sight of the reasons for which speedy trials are necessary, and has concluded that the passage of time for one reason is less detrimental to a trial on the merits than the passage of time for another reason.
On the one hand, we hold that it is sufficient to assert the right to a speedy trial prior to the date of trial, Wombolt, 231 Mont. at 403, 753 P.2d at 332, State v. Waters (1987), 228 Mont. 490, 493, 743 P.2d 617, 620, and State v. Steward (1975), 168 Mont. 385, 390, 543 P.2d 178, 182, but then, in this case, we conclude that the assertion of the right one week before trial does not satisfy the obligation quite as well as if it had been asserted earlier.
Finally, we previously held that time while incarcerated out of state would not be attributed to the defendant for purposes of speedy trial analysis. Robbins, 218 Mont. at 116, 708 P.2d at 233-34. Now, in this case, without distinguishing our prior holding in Robbins, we simply conclude that if some procedural matter is continued due to that out-of-state incarceration, the time is attributable to the defendant.
I doubt at this point that anyone, whether it be a defense lawyer, prosecutor, or district judge, can make sufficient sense out of this Court’s speedy trial analyses to apply them in any practical or predictable way. This decision further confuses the situation. For these reasons, I dissent from Issue 3 of the majority opinion.
JUSTICES HUNT and LEAPHART join in the foregoing concurring and dissenting opinion.