No. 96-624

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


STATE OF MONTANA,

Plaintiff and Respondent,

v.

CARL SIDNEY RACE,

Defendant and Appellant.


APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and for the County of Custer,
Honorable Kenneth R. Wilson, Judge Presiding.


COUNSEL OF RECORD:

For Appellant:

Derik Pomeroy; Morgan, Cameron & Weaver,
Bozeman, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; Elizabeth Griffing,
Assistant Attorney General, Helena, Montana

Gary Bunke, Custer County Attorney, Miles City, Montana


Submitted on Briefs: September 17, 1997

Decided: October 21, 1997

Filed:

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

The Sixteenth Judicial District Court, Custer County, accepted Carl Sidney Race's plea of guilty to two counts of deliberate homicide and two counts of attempted deliberate homicide. The court sentenced Race to four consecutive life terms, plus forty years' imprisonment for use of a weapon in all four offenses, and declared him ineligible for parole. Race appeals. We affirm.

The issues are:

1. Did the District Court commit reversible error by ordering defense counsel to provide the court with a complete copy of the defense psychiatrist's report when Race intended to have the psychiatrist testify at the sentencing hearing?

2. Did the court properly exercise its discretion with respect to Race's claim that he was seriously mentally ill?

3. Did the court err in not awarding Race credit for time served in jail?

On the evening of October 21, 1995, Race went to the home of his estranged wife's sister and her family outside Miles City, Montana, and shot all four people living there. He then poured an accelerant, believed to be gasoline, on the victims' bodies and set them on fire. One of the victims managed to escape to a neighbor's house after being shot, and another managed to escape after he had been set on fire. Those two victims survived Race's attack. The other two died as a result of their gunshot wounds and burns.

The two surviving victims, who had known Race for over twenty years, identified him as the assailant. Race was arrested in Texas a week later and was extradited to Montana on two charges of deliberate homicide, two charges of attempted deliberate homicide, aggravated burglary, and arson. At the State's request, the court ordered a psychiatric examination to determine whether Race was capable of standing trial and whether he was capable of possessing the requisite mental state at the time of the crimes. After a two-day examination, the psychiatrist, Dr. Stratford, concluded that Race was competent to stand trial and that he suffered from no mental disease or defect. Stratford further stated his belief that Race had the capacity to act purposely or knowingly and to appreciate the criminality of his conduct at the time of the crimes charged.

In May 1996, Race and the State entered a plea agreement by which Race pled guilty to two counts of deliberate homicide and two counts of attempted deliberate homicide. The State agreed to drop the charges of arson and aggravated burglary and not to recommend a sentence of death.

The defense gave notice of its intent to present testimony at Race's sentencing hearing concerning the results of an independent psychiatric examination of Race by Joseph D. Rich, M.D. Noting that the presentence investigation report contained only

page 7 of Rich's report of his examination of Race, and reasoning that under õ 46-18-111, MCA, if part of the report was included in the presentence investigation, the whole report should be available for the court's review, the District Court ordered the defense to release the entire report. Defense counsel first refused to provide the report on grounds that it contained irrelevant and prejudicial material. Then defense co-counsel agreed to, and did, file the report. Rich testified at the sentencing hearing, as did Stratford.

## Issue 1

Did the District Court commit reversible error by ordering defense counsel to provide the court with a complete copy of the defense psychiatrist's report when Race intended to have the psychiatrist testify at the sentencing hearing?

Race asserts that, in ordering the defense to produce Rich's entire report, the court forced his attorneys to turn over privileged, confidential, and extremely prejudicial material to the probation officer. He cites õ 26-1-807, MCA, which provides:

> The confidential relations and communications between a psychologist and his client shall be placed on the same basis as provided by law for those between an attorney and his client. Nothing in any act of the legislature shall be construed to require such privileged communications to be disclosed.

Race further cites õ 46-14-217, MCA:

> A statement made for the purposes of psychiatric or psychological examination or treatment provided for in this section by a person subjected to examination or treatment is not admissible in evidence against the person at trial on any issue other than that of the person's mental condition. It is admissible on the issue of the person's mental condition, whether or not it would otherwise be considered a privileged communication, only when and after the defendant presents evidence that due to a mental disease or defect the defendant did not have a particular state of mind that is an element of the offense charged.

Race also cites õ 46-15-324, MCA, which provides that with the exception of exculpatory information in the possession of a prosecutor, superseded notes or work product of a defense or prosecuting attorney are not subject to disclosure.

The State points out that the rules of evidence are not applicable or controlling in sentencing hearings. State v. DeSalvo (1995), 273 Mont. 343, 349, 903 P.2d 202, 206. This allows a sentencing court to have the fullest information possible concerning the defendant's life and characteristics, so that the court is able to individualize punishment. See Williams v. New York (1949), 337 U.S. 241, 246-49, 69 S.Ct. 1079, 1082-84 , 93 L.Ed. 1337, 1341-43. The first two statutes cited by Race, õõ 26-1-807 and 46-14-217, MCA, are codifications of rules of evidence.

Additionally, Race waived any psychologist-patient privilege as to Rich's

evaluation when he decided to present testimony and evidence from Rich. Criminal defendants are free to communicate freely with their psychiatrist and may disclose nothing "unless the expert is to be called as a witness." State v. Davidson (1994), 266 Mont. 404, 412, 880 P.2d 1331, 1337. The complete report was necessary in order for the District Court to properly evaluate Rich's testimony, and we conclude that it was properly considered by the court.

### Issue 2

Did the court properly exercise its discretion with respect to Race's claim that he was seriously mentally ill?

The sentencing order included a provision that Race "shall be allowed to keep and use any prescribed medication he is presently taking until such time as [he] can be re-evaluated by prison medical staff." Race contends that the District Court committed reversible error in ignoring Rich's determination that he was seriously mentally ill. Race claims that, in addition to ordering that he be allowed to keep and use his prescribed medication, the court should have ordered "appropriate psychological or psychiatric treatment."

A district court sitting as a finder of fact is free to accept or reject any expert opinion. DeSalvo, 903 P.2d at 205. Rich opined that Race suffered from a delusional disorder with paranoid features. On cross-examination, however, Rich acknowledged that what he diagnosed as Race's delusional disorder played no role in the planning or execution of the crimes and that there was þa lot of manipulationþ in the way Race presented himself. He further acknowledged that Race had provided false information and was malingering. On the other hand, Stratford diagnosed Race as a malingerer who was not seriously mentally ill. He strongly disagreed with Rich's opinion that Race suffered from a delusional disorder, and unequivocally stated that Race was not subject to rehabilitation.

The District Court was well within its discretion in accepting Stratford's opinion that Race was not seriously mentally ill over Rich's opinion on that subject. We hold that the District Court properly exercised its discretion with respect to Race's claim that he was seriously mentally ill.

### Issue 3

Did the court err in not awarding Race credit for time served in jail?

Race points out that he was arraigned on December 4, 1995, and was held without bond. He contends that, pursuant to õ 46-18-403, MCA, he must be given credit for all time he served in jail prior to his conviction.

Section 46-18-403(1), MCA, provides:

Any person incarcerated on a bailable offense and against whom a judgment

of imprisonment is rendered must be allowed credit for each day of incarcera-tion prior to or after conviction, except that the time allowed as a credit may not exceed the term of the prison sentence rendered.

The State's initial response on this issue is that Race has not explained how he is prejudiced by the District Court not giving him credit for jail time served--credit for jail
time is immaterial in light of Race's four life sentences plus forty years, with no possibility of parole.

Further, õ 46-18-403, MCA, applies to "[a]ny person incarcerated on a bailable offense."  Section 46-9-102, MCA, provides that all persons are bailable before conviction, except when death is a possible punishment for the offense charged.  In this
case, death was a possible punishment.  Therefore, by definition, Race was not incarcerated on a bailable offense, and the District Court was not obliged to award credit
for jail time served under õ 46-18-403, MCA.  We hold that the District Court did not err in failing to award Race credit for time served in jail.

We affirm the judgment of the District Court.

/S/  J. A.  TURNAGE

We concur:

/S/  JAMES C. NELSON
/S/  WILLIAM E. HUNT, SR.
/S/  JIM REGNIER
/S/  W. WILLIAM LEAPHART