FILED

May 7 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 13-0212

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 125N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

DOUGLAS JOSEPH CHYATTE,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 11-420
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Mathew M. Stevenson, Attorney at Law, Missoula, Montana

      For Appellee:

      Timothy C. Fox, Montana Attorney General, Pamela P. Collins, Assistant
Attorney General, Helena, Montana

      Fred Van Valkenberg, Missoula County Attorney, Jason Marks, Deputy
County Attorney, Missoula, Montana

                       Submitted on Briefs:  April 23, 2014
                              Decided:  May 7, 2014

Filed:

_____
                   Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Douglas J. Chyatte was convicted in the Fourth Judicial District Court, Missoula County, of assault with a weapon, a felony, in violation of § 45-5-213, MCA. Chyatte appeals, challenging certain rulings by the District Court. We affirm.

¶3 The assault charge arose out of an incident in November 2010 at the Wilma Theater in Missoula, when Chyatte stabbed another individual, Benjamin Moore, with a knife three times in the arm and back. The case proceeded to trial on August 15, 2012, but the District Court granted Chyatte's motion for a mistrial midway through trial. The court rescheduled the trial for August 29, 2012.

¶4 On August 22, Chyatte filed a motion to represent himself. The District Court held a hearing on August 23 and ruled that Chyatte was competent and able to represent himself. The court discharged Chyatte's counsel, Clinton Kammerer, but allowed Kammerer to serve as standby counsel.

¶5 Chyatte filed a motion in limine on August 23 seeking to exclude any mention of DNA evidence during the State's case-in-chief. Chyatte's buccal swab had been taken pursuant to a search warrant, and a forensic scientist at the Montana State Crime Lab, Jennifer Revis-Siegfried, had determined that the major DNA profile from the handle of the knife used to stab Moore was consistent with Chyatte's DNA profile from the buccal

2

swab. Revis-Siegfried also had obtained the same result using Chyatte's DNA sample contained in the CODIS database. The District Court held a hearing on August 27 and denied Chyatte's motion in limine; however, the court offered Chyatte the opportunity to interview Revis-Siegfried before she testified.

¶6    On August 30, 2012, the jury in the second trial found Chyatte guilty of felony assault with a weapon. On September 24, Mathew M. Stevenson was substituted as new counsel for Chyatte. Stevenson questioned whether Chyatte had been competent to represent himself. The District Court granted a continuance of the sentencing hearing so that Chyatte could undergo a psychological evaluation. At a hearing held March 1, 2013, Dr. William Stratford testified regarding Chyatte's competence to represent himself at trial. Chyatte also testified on this issue. The District Court thereafter found that Chyatte had been of sound mind and mental state at the time he waived his right to counsel. The court noted that Chyatte is coherent when he receives the correct dosages of his medications and mood stabilizers, and that Chyatte had been receiving the correct dosages immediately prior to trial. The District Court sentenced Chyatte to 20 years at the Montana State Prison, with 10 years suspended, to run consecutively to the sentence imposed in a separate case. The court designated Chyatte a persistent felony offender.

¶7    On appeal, Chyatte first challenges the District Court's denial of his motion in limine. Chyatte claims that Revis-Siegfried was an "11th-hour witness" and that he was not given an adequate opportunity to interview her. The State, however, points out that Revis-Siegfried was listed as a potential prosecution witness in the Information, which was filed September 26, 2011, eleven months before Chyatte's trial. The State also notes

3

that Chyatte was aware of the nature of Revis-Siegfried's potential testimony, given that he attached to his August 23 motion in limine two serology reports that had been signed by Revis-Siegfried. We review for abuse of discretion a district court's ruling allowing the testimony of a witness. *State v. Grindheim*, 2004 MT 311, ¶ 32, 323 Mont. 519, 101 P.3d 267. We agree with the State that the District Court did not abuse its discretion in denying Chyatte's motion in limine.

¶8 Chyatte next challenges the District Court's denial of his motion to excuse for cause prospective juror Diane Overholtzer. Chyatte contends that Overholtzer worked in the Missoula County Clerk of Court's office, that she had direct access to Chyatte's file, and that she disseminated documents regarding his case (such as minute entries and pretrial orders) prior to trial. Chyatte raised this issue with the District Court after the State's initial voir dire and out of the venire's presence. The court refused to grant Chyatte's challenge at that point and stated that Chyatte could question Overholtzer about the issue during his voir dire. Ultimately, Chyatte did not ask Overholtzer any questions at all and did not renew his motion to excuse her for cause. We review for abuse of discretion a district court's denial of a challenge for cause. *State v. Johnson*, 2014 MT 11, ¶ 8, 373 Mont. 330, 317 P.3d 164. We agree with the State that Chyatte failed to create a sufficient record concerning Overholtzer's knowledge of Chyatte and the charges in this case, and that Chyatte has failed to cite any legal authority for excusing Overholtzer for cause based solely on her status as an employee in the clerk's office.

¶9 Finally, Chyatte argues that his waiver of his right to counsel was invalid because it was not knowing and intelligent. We will not disturb a district court's ruling that a

4

defendant made a voluntary, knowing, and intelligent waiver of the right to counsel if substantial credible evidence exists to support the court's ruling. *State v. Wilson*, 2011 MT 277, ¶ 15, 362 Mont. 416, 264 P.3d 1146. The court must be satisfied that the defendant is aware of the dangers and disadvantages of self-representation. *Wilson*, ¶ 15. The State argues, and we agree, that the District Court's ruling is supported by substantial credible evidence. Initially, Chyatte never mentioned any mental health issues prior to his retrial. At a hearing held on August 16, 2012 (a week before the August 23 waiver hearing), Chyatte complained about not receiving medication for inflammation and pain, but he did not complain about medications for mental health issues. Nevertheless, as a result of the August 16 hearing, the District Court became well acquainted with Chyatte's medical history and his issues with mood stabilizers. Furthermore, Chyatte's antidepressant and mood stabilizer was raised from half to full dosage on August 1, 2012, in part to ensure that he was competent by the time of his original August 15 trial. Although he was somewhat equivocal about when Chyatte actually received a benefit from the medication, Dr. Stratford testified that the medication typically takes effect within 15 to 21 days and, thus, by "roughly mid August . . . the therapeutic dose should have been . . . on board and probably metabolically available" in Chyatte. Dr. Stratford opined that Chyatte "intellectually understood" that he was waiving his right to counsel at the August 23 hearing.

¶10 Chyatte posits that the District Court could not ignore Dr. Stratford's ultimate opinion that he "more likely than not" was in a psychotic state at the August 23 hearing, which would not necessarily have been apparent to the court during the colloquy. The

5

District Court noted, however, that Dr. Stratford's opinion was couched in the form of a probability and that the record as a whole supported a determination that Chyatte had made a knowing and intelligent waiver. At the August 23 hearing, Chyatte told the court that he understood the procedures of the trial, including voir dire, opening statement, and closing argument. He also understood that, in order to tell his side of the story, he would need to testify and be subject to cross-examination. Chyatte requested that Kammerer remain as standby counsel, and Chyatte accepted the court's offer to loan him a handbook on the rules of evidence. He told the court that he was a rational, educated man, that he was aware of the risks of self-representation, and that he wanted to exercise his right to represent himself. The District Court noted that Chyatte was articulate and presented himself well. The court found that while Chyatte had some mental issues, those issues in no way affected his ability to make intelligent decisions about whether to represent himself. The District Court was within its discretion to conclude, despite Dr. Stratford's testimony, that the record as a whole supported a determination that Chyatte was capable of making a knowing and voluntary waiver. *State v. Race*, 285 Mont. 177, 181, 946 P.2d 641, 643 (1997) ("A district court sitting as a finder of fact is free to accept or reject any expert opinion," including an opinion that the defendant was "seriously mentally ill.").

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Chyatte has not shown error or an abuse of discretion in the District Court's rulings.

¶12    Affirmed.

                                        /S/ LAURIE McKINNON

We Concur:

/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ BETH BAKER