FILED

December 15 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0111

DA 15-0111

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 343

DOUGLAS JOSEPH CHYATTE,

       Plaintiff and Appellant,

   v.

STATE OF MONTANA,

       Defendant and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
                   In and For the County of Missoula, Cause No. DV-14-1099
                   Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           Douglas Joseph Chyatte, self-represented; Deer Lodge, Montana

       For Appellee:

           Timothy C. Fox, Montana Attorney General, Micheal S. Wellenstein,
           Assistant Attorney General; Helena, Montana

           Kirsten H. Pabst, Missoula County Attorney, Jason Marks, Deputy County
           Attorney; Missoula, Montana

                          Submitted on Briefs:  October 28, 2015
                                 Decided:  December 15, 2015

Filed:

                                _____
                                        Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Douglas Joseph Chyatte (Chyatte) appeals from the denial of his petition for postconviction relief by the Fourth Judicial District Court, Missoula County.  We affirm in part, reverse in part, and remand for further proceedings.

¶2     We address the following issues on appeal:

*1.  Did the District Court err by holding that Chyatte's trial-related claims were procedurally barred?*

*2.  Did the District Court err by denying Chyatte's ineffective assistance of counsel claims?*

¶3     Chyatte also raises procedural issues that are subsumed within the resolution of the above-stated issues.

## PROCEDURAL AND FACTUAL BACKGROUND

¶4     On September 26, 2011, Chyatte was charged with the felony offense of Assault With a Weapon for a stabbing that occurred at the Wilma Theater in Missoula.  On November 1, 2011, more than a month prior to the omnibus hearing, the State filed notice of its intent to seek increased punishment under § 46-13-108, MCA, the persistent felony offender (PFO) statute.

¶5     Trial was set for August 15, 2012.  On June 14, 2012, Chyatte's counsel filed a motion to dismiss the Information, arguing that the charge was not supported by probable cause because the victim had identified another person as the assailant during a photographic lineup.  The District Court denied the motion, concluding there was

probable cause to support the charge and noting the victim's misidentification was a fact to be weighed by the jury at trial.

¶6 Shortly after trial began, Chyatte moved for, and was granted, a mistrial. Trial was rescheduled for late August. Chyatte then requested to represent himself and a hearing was conducted on that issue. The District Court concluded that Chyatte was competent and able to represent himself, and granted his request. Chyatte's counsel was relegated to standby status.

¶7 Chyatte filed two pretrial motions. First, Chyatte filed a motion to dismiss the Information, arguing the police reports had been altered. Second, Chyatte filed a motion in limine to exclude DNA evidence because the State Crime Lab witness had been added late and he did not have an opportunity to interview the witness. The District Court held a hearing on the motions and denied them both, although it granted Chyatte an opportunity to interview the crime lab witness.

¶8 Following a two-day jury trial, Chyatte was found guilty. Chyatte subsequently obtained counsel for sentencing and appeal. Chyatte's new counsel challenged Chyatte's competency to represent himself, and the District Court continued the sentencing hearing to allow Chyatte to be evaluated by Dr. William Stratford. At sentencing, the District Court received testimony from both Dr. Stratford and Chyatte concerning Chyatte's competency to represent himself. The District Court held that Chyatte had knowingly and intelligently waived his right to counsel and was competent to represent himself. The

District Court then designated Chyatte a persistent felony offender and imposed a 20-year prison sentence with 10 years suspended.

¶9 Chyatte challenged his conviction on appeal, arguing the District Court erred by denying his motion in limine and his motion to excuse a prospective juror for cause, and by determining that his waiver of counsel was made knowingly and intelligently. We affirmed the District Court on all issues raised. *State v. Chyatte*, 2014 MT 125N, 375 Mont. 552, 346 P.3d 1133.

¶10 On October 20, 2014, Chyatte filed a petition for postconviction relief, raising four trial-related rulings and several ineffective assistance of counsel issues. Chyatte claimed he introduced evidence that he was diagnosed with lupus as a mitigating factor for sentencing, but that the District Court disregarded his diagnosis based on the false testimony of a Missoula County Detention Center nurse. Chyatte claimed he was denied his right to a fair trial when police reports were altered or destroyed. Chyatte claimed the District Court erred by permitting an expert from the state crime lab to testify regarding DNA evidence without first determining whether the evidence was relevant, trustworthy, and scientifically valid. Chyatte claimed he received an unfair trial because the District Court prevented him from questioning officers about a second knife found at the scene and from introducing a picture of the knife into evidence. Lastly, Chyatte made ineffective assistance of counsel claims against his original counsel: that Chyatte rejected a favorable plea agreement due to his counsel's alleged advice that Chyatte could not be convicted of assault with a weapon because of the victim misidentification, and that PFO

status could not be imposed because the State had failed to complete the PFO designation on the omnibus memorandum; and that his counsel was ineffective because counsel received a 30-day suspension from the practice of law, which ended a month before his first trial.

¶11 The District Court dismissed the petition without ordering a response from the State or conducting a hearing. The District Court concluded that Chyatte's trial-related claims were procedurally barred because they could have been brought on direct appeal, and held that the ineffective assistance of counsel claims were without merit because, even if Chyatte's counsel had given incorrect advice, Chyatte could not establish any prejudice from such advice. Chyatte appeals.

**STANDARD OF REVIEW**

¶12 A district court may dismiss a petition for postconviction relief as a matter of law, and we review a court's conclusions of law for correctness. *Herman v. State*, 2006 MT 7, ¶ 13, 330 Mont. 267, 127 P.3d 422. An ineffective assistance of counsel claim presents mixed questions of law and fact which this Court reviews de novo. *Sartain v. State*, 2012 MT 164, ¶ 9, 365 Mont. 483, 285 P.3d 407. "We review discretionary rulings in post-conviction relief proceedings, including rulings related to whether to hold an evidentiary hearing, for an abuse of discretion." *Wilkes v. State*, 2015 MT 243, ¶ 9, 380 Mont. 388, 355 P.3d 755.

**DISCUSSION**

¶13 *1. Did the District Court err by holding that Chyatte's trial-related claims were procedurally barred?*

¶14 Montana's postconviction scheme contains a procedural bar of claims that "could reasonably have been raised" on direct appeal. Section 46-21-105(2), MCA. We have construed the term "could reasonably have been raised" to include issues which could have been, but were not, properly preserved for appeal during trial. *State v. Baker*, 272 Mont. 273, 281, 901 P.2d 54, 58 (1995). Thus, errors evident on the trial record are generally not grounds for postconviction relief because they could have been preserved, and then raised on appeal. *See State v. Herrman*, 2003 MT 149, ¶¶ 24-34, 316 Mont. 198, 70 P.3d 738.

¶15 Each of Chyatte's first four claims are based upon asserted error that was evident on the trial record, and therefore could and should have been raised on appeal. The alleged error in failing to consider Chyatte's asserted lupus diagnosis in sentencing was a clear matter of record. Pre-trial, Chyatte first raised the issue as a claim that he was not receiving proper medical treatment at the Missoula County Detention Center. The District Court agreed to take up the issue, scheduling a hearing and permitting Chyatte to be tested, only to have Chyatte refuse to submit to a blood test. Then, Chyatte raised the issue a second time during the sentencing phase as a mitigation factor, which the District Court then rejected. Still, Chyatte did not raise the issue on appeal. Similarly, the District Court held an evidentiary hearing regarding Chyatte's claims that police reports had been altered, but Chyatte did not raise the issue on appeal. Chyatte's claim regarding

the admission of DNA evidence was addressed twice on the record, but on his direct appeal he challenged only the District Court's ruling permitting the crime lab witness to testify, not any failure to require adequate foundation for introduction of the DNA evidence. Lastly, the alleged evidentiary errors concerning the second knife found at the Wilma Theatre were clearly evident on the trial record, and similarly could have been preserved and raised on appeal, but were not. The District Court correctly determined that these claims were procedurally barred under § 46-21-105(2), MCA.

¶16   *2.   Did the District Court err by denying Chyatte's ineffective assistance of counsel claims?*

¶17   Chyatte argues he received ineffective assistance of counsel when his counsel, prior to being discharged by Chyatte, advised him that he could not be convicted of assault with a weapon because of the victim misidentification and, further, that a PFO status could not be imposed because the State failed to complete the PFO designation on the omnibus memorandum, leading him to reject a more favorable plea agreement. Chyatte also argues he received ineffective assistance of counsel due to a 30-day suspension imposed on his counsel, which ended a month before the first trial. The State argues that Chyatte has failed to establish that he was denied effective assistance by his counsel's 30-day suspension, but takes the position that the record is insufficient to determine the claim regarding the plea bargaining process, and that this claim should be remanded to the district court to allow the parties to develop a factual record.

¶18   "A district court may dismiss a petition for postconviction relief without ordering a response if the petition, files and records 'conclusively show that the petitioner is not

7

entitled to relief.'" *Herman*, ¶ 15 (quoting § 46-21-201(1)(a), MCA). We apply the two-prong *Strickland* test when assessing claims of ineffective assistance of trial counsel. *Sartain*, ¶ 11 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Under *Strickland*'s first prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Sartain*, ¶ 11 (citing *Whitlow v. State*, 2008 MT 140, ¶ 14, 343 Mont. 90, 183 P.3d 861). Under *Strickland*'s second prong, "the defendant must show that counsel's performance prejudiced the defense." *Sartain*, ¶ 11 (citing *Whitlow*, ¶ 10). "Because a defendant must prove both prongs, an insufficient showing under one prong eliminates the need to address the other." *Sartain*, ¶ 11 (citing *Whitlow*, ¶ 11). Faulty advice to reject a plea agreement can be grounds for an ineffective assistance of counsel claim. *Lafler v. Cooper*, 132 S. Ct. 1376 (2012).

¶19 Chyatte argues that he rejected the plea agreement because his attorney incorrectly advised him that he could not be convicted because of the victim's misidentification during the police lineup, and because his attorney incorrectly advised him that he could not be sentenced as a persistent felony offender because the State had not properly provided notice in the omnibus order. As the District Court stated, the error of the advice concerning the misidentification would have been manifest when, on August 2, 2012, the District Court denied Chyatte's motion to dismiss on that ground two weeks before the first trial commenced "and five days before the August 7, 2012 final pretrial conference whereat Chyatte could still have accepted the state's plea offer." The District Court issued a written order denying the motion and also commented that this was an issue that

8

Chyatte could raise at trial, which he did.  Despite any incorrect legal advice received on the issue, Chyatte became well aware of the correct nature of the issue as the trial process proceeded, both to the first trial, when he was represented by counsel, and the second, when he represented himself,  thus refuting any claim that Chyatte based his rejection of any plea agreement thereon.  Therefore, we affirm the dismissal of Chyatte's ineffective assistance claim to the extent it is based on the alleged incorrect advice concerning the victim's misidentification.

¶20    We have determined that we cannot resolve Chyatte's claim to the extent it is based on alleged improper advice he received concerning the PFO designation.  While the precise nature of this claim is not clear,[1] neither the record nor the District Court's order is sufficient to review for correctness the District Court's general conclusions that "there is no concession or proof that Chyatte's pre-trial attorneys provided ineffective assistance" and that Chyatte "could not have been misled about the effectiveness of the notice of his status as a persistent felony offender."  A response from the State or a hearing should provide the record necessary to resolve this issue, and we agree with the State's concession to this extent.

¶21    Chyatte also argues that he was prejudiced by his counsel's 30-day suspension from the practice of law.  We conclude that the 30-day suspension did not prejudice

---

[1] Chyatte's claims here were not consistently made to the District Court.  His affidavit states that his attorney, Clinton Kammerer, "inform[ed] Chyatte that he cannot be convicted of assault with a weapon because the alleged victim positively identified an individual who is not Chyatte as his assailant. . . .  Kammerer advis[ed] Chyatte to reject a plea offer of 10 years to run concurrent to the previously imposed 5 year sentence *because of this faulty assessment*."  (Emphasis added.)  In other places, Chyatte claimed he rejected the plea agreement because of the faulty advice he received regarding his eligibility for sentencing as a persistent felony offender, or at times, both.

Chyatte's defense because 1) the suspension ended a month before Chyatte's first trial, 2) the first trial ended in a mistrial, further negating any prejudice the 30-day suspension may have caused, and 3) Chyatte was convicted after a second trial, at which point he was representing himself.

¶22   The District Court correctly dismissed a portion of Chyatte's petition for postconviction relief and therefore did not abuse its discretion by failing to order a response from the State, ordering his counsel to respond, or hold a hearing because the petition, files and records conclusively show that Chyatte is not entitled to relief. The majority of his claims are procedurally barred by § 46-21-105(2), MCA, and most of his ineffective assistance of counsel claims lack merit because they fail to meet the prejudicial requirement of *Strickland*'s second prong.[2] Chyatte's ineffective assistance of counsel claim regarding the PFO designation is the sole issue remanded to the District Court.

¶23   Affirmed in part, reversed in part, and remanded.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT

---

[2] The State has filed a motion to strike Exhibits 1, 2, and 3 of Chyatte's reply brief because the exhibits were not part of the trial record. We grant the State's motion and the aforementioned exhibits are hereby stricken.