No. 86-244

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

STATE OF MONTANA,

       Plaintiff and Respondent,

-vs-

TERRY GRANT,

       Defendant and Appellant.

---

APPEAL FROM: The District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Anthony F. Keast, Missoula, Montana
        Christopher Daly, Missoula, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Dorothy McCarter, Asst. Atty. General, Helena
        Robert L. Deschamps, III, County Attorey, Missoula,
        Montana

---

Submitted on Briefs: March 12, 1987

Decided: June 11, 1987

Filed:

_Ethel M. Harrison_
—————————————————————————
              Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Defendant, Terry Grant, appeals a conviction of one count of burglary and two counts of theft from the Fourth Judicial District, Missoula County, Montana. Defendant alleges that his right to a speedy trial was violated and therefore the charges against him should be dismissed.

The decision of the District Court is affirmed.

The sole issue raised on appeal is whether defendant was denied a speedy trial.

Defendant, Terry Grant, was arrested on September 23, 1984, after being apprehended while fleeing the scene of a burglary of a Missoula jewelry store. The same night, two other Missoula jewelry stores were burglarized in a similar manner. Items allegedly taken from all three stores were found in defendant's possession. On October 23, 1984, an information was filed with the District Court charging defendant with three counts of burglary. On November 7, 1984, defendant was arraigned in District Court and entered a plea of not guilty to the charges against him. On November 8, 1984, the State filed an amended information charging defendant with one count of burglary and two counts of theft. Defendant was released on his own recognizance. Trial was set for the court's next jury term in February, 1985.

An omnibus hearing was scheduled for January 11, 1985, at which defendant's presence was required. When defendant did not appear at the hearing a bench warrant was issued for his arrest.

Defendant did not appear at the Montana omnibus hearing because he was in the Lemhi County, Idaho jail. He had been in jail in Idaho since November 18, 1984 on burglary and

grand theft charges. Defendant pled guilty in Idaho and received a five year sentence to be served in that state's prison.

On January 22, 1985, the Missoula County sheriff issued a detainer, based on the bench warrant, to the Lemhi County, Idaho sheriff's office. On February 19, 1985, the Idaho State Prison notified the State of Montana that defendant was incarcerated there.

A second detainer was issued against the defendant in Idaho on March 8, 1985. Confirmation that defendant received notice of this detainer was received in Missoula on March 11, 1985.

On March 29, 1985, the State of Montana moved for a continuance. The motion was granted. Defendant alleges that neither he nor his counsel received notice of this motion and therefore were unable to make an appearance.

A second omnibus hearing was scheduled for May 1, 1985. Various motions were made and a hearing on the motions was scheduled for May 23, 1985. On that day neither defendant nor his counsel appeared. The matter was continued without date.

On May 30, 1985, the State issued a third detainer to the Idaho State Prison requesting temporary custody of defendant in order to pursue the charges against him in Montana.

On June 17, 1985, the State moved for a second continuance for the trial which was at this time scheduled for the July 1985 calendar. This continuance was granted over defendant's objection alleging a speedy trial violation, on the grounds that defendant was incarcerated in Idaho and had not yet exercised his right to a speedy trial in Montana pursuant to the Interstate Agreement on Detainers, § 46-31-101, MCA.

On June 19, 1985, the State of Montana received from defendant, a request for disposition of the Montana charges against him and for the determination of a speedy trial. Defendant was delivered to the custody of the State of Montana on August 15, 1985. On September 3, the date scheduled for final disposition of the charges against defendant in Montana, defendant and his counsel requested a continuance and waived the right to a jury trial.

On October 21, 1985, defendant requested another continuance, which was denied. A nonjury trial was heard on October 22. Defendant made a motion to dismiss for lack of a speedy trial. This motion was argued and subsequently denied. On November 8, the court issued its findings of fact, conclusions of law and order. Defendant was found guilty of one count of burglary and two counts of theft. He was sentenced to the Montana State Prison for ten years for the charge of burglary, ten years for one charge of theft, to run concurrently, and ten years for the second charge of theft, to run consecutively. He was designated a persistent felony offender, nondangerous, and was given credit for time served in Idaho. Defendant was returned to the Idaho State Prison on or about December 5, 1985.

The right to a speedy trial in criminal prosecutions is secured by the Sixth Amendment of the United States Constitution. The same right is expressed in Art. II, § 24 of the Montana Constitution. This right has been regarded as fundamental. Branden v. 30th Judicial Circuit Court (1973), 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443.

To determine whether defendant's right to a speedy trial has been violated, this Court must balance four factors: length of delay; the reason for delay; the defendant's assertion of his right; and prejudice to the defendant. Barker v. Wingo (1972), 407 U.S. 514, 530, 92

- 4 -

S.Ct. 2182, 33 L.Ed.2d 101, 117; State v. Robbins (Mont. 1985), 708 P.2d 227, 42 St.Rep. 1440.

### 1. Length of delay

The length of delay is the first and most critical factor to be considered in the balancing test. Until there has been sufficient delay which is presumptively prejudicial, there is no need to consider the other factors.

In the present case, Grant's arrest on September 23, 1984, started the clock running. State v. Smith (Mont. 1983), 670 P.2d 96, 100, 40 St.Rep. 1533, 1537. On October 22, 1985, 393 days later, Grant was brought to trial. This is a presumptively prejudicial delay. Fitzpatrick v. Crist (1974), 165 Mont. 382, 528 P.2d 1322 (7 month delay). A lengthy delay, by itself, does not necessitate a dismissal of charges, but it does trigger our consideration of the other factors outlined in Barker, 407 U.S. at 533.

Once a sufficiently lengthy delay has occurred the burden of explaining the reason for such delay and an absence of prejudice to defendant shifts to the State. Fitzpatrick, 528 P.2d at 1326. When the reason for delay is considered, the question becomes whether prosecution was pursued with reasonable diligence. State v. Carden (1977), 173 Mont. 77, 566 P.2d 780. Any delay attributable to defendant's own actions must be deducted from the total delay. State v. Freeman (1979), 183 Mont. 334, 339, 599 P.2d 368, 371. Incarceration on other charges does not affect defendant's right to a speedy trial. U.S. v. Maura (1978), 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed.2d 329. However, in the present case, defendant's own actions were responsible for much of the delay. To determine whether the 393 day delay violated defendant's right to a speedy trial, we must look to the reasons for delay.

## 2. Reasons for delay

The primary reason for the delay was the conduct of the defendant in Idaho leading to his arrest, conviction and imprisonment preventing him from attending the January 11, 1985 omnibus hearing in Montana and causing the trial, scheduled in February, to be continued without date.

Defendant was arrested on September 23, 1984 and arraigned 14 days later on November 7 in Missoula, Montana. He was released on his own recognizance. Eleven days later on November 18, he was arrested in Idaho and charged with burglary and felony theft. The result of these charges was a conviction and incarceration for five years in the Idaho State Prison. On January 11, 1985, after defendant failed to show up for an omnibus hearing, the State of Montana was alerted to his incarceration in Idaho. Thereafter, on January 22, 1985, a detainer was filed in Idaho pursuant to the Interstate Agreement on Detainers, § 46-31-101; Art. III(1), MCA.

Montana filed two more detainers on defendant Grant with the State of Idaho. On March 8, 1985, Idaho received a detainer from Montana and notified defendant that charges were still pending against him in Montana. On May 30, the State of Montana filed a detainer in Idaho requesting temporary custody of defendant pursuant to Art. IV of the Interstate Agreement on Detainers.

The time chargeable to defendant began on January 22, 1985, when the State of Montana issued the first detainer to defendant and the State of Idaho notifying them of charges pending against defendant in Montana. That time, as chargeable to defendant, ceased to run on June 19, 1985 when defendant asserted his right to a speedy trial by requesting final disposition of the charges against him in Montana. During this period the Interstate Agreement on Detainers was

applicable. State v. Seadin (1979), 181 Mont. 294, 593 P.2d 451. Defendant was out of reach for prosecution in Montana due to his voluntary commission of crimes in Idaho. The State of Montana repeatedly attempted to bring defendant to trial for the charges pending against him by filing detainers with the State of Idaho. Knowing that charges were pending against him in Montana, it was up to defendant to request speedy and final disposition of the charges against him.

Also chargeable to defendant is the delay between September 3, when defendant requested a continuance of his trial date, and October 22, the date of his trial. This is a total of 196 days chargeable to defendant which, when deducted from the total 393 days, leaves a period of 197 days: 121 days between his arrest and the day a detainer was first issued; and 76 days between receiving the request for speedy trial from defendant and the date of his request for a continuance.

In consideration of the remaining 197 days not chargeable to defendant, we hold that the State was diligent in its efforts to bring the defendant to trial. Accordingly, this time cannot be charged against the State. Freeman, 599 P.2d at 371. The presumption that defendant did not receive a speedy trial which was raised by the 393 day delay between defendant's arrest and his trial was satisfactorily overcome.

3. Defendant's assertion of his rights

The State of Montana did not receive a request for speedy trial from defendant until June 19, 1985. Upon receipt of defendant's request, the State of Montana was allowed 180 days to bring defendant to trial for the charges filed against him in Montana under the Interstate Agreement on Detainers, § 46-31-101; Art. III(1). The 180 days began to run when defendant's request for speedy trial was received by the proper authorities in Montana. Maura, 436 U.S. at

351. Defendant's trial on October 22, 1985, 125 days after his June 19 request, was within the 180 allowable days of his demand for a speedy trial.

It is clear that defendant was given a speedy trial after the assertion of his rights under the Interstate Agreement on Detainers.

#### 4. Prejudice to the defendant

Defendant's own conduct prevented the State from bringing him to trial within 180 days. He cannot now complain that he was not given a speedy trial.

The judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices