FILED

04/11/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0133

DA 15-0133

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 81

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

MICHAEL ROBERT BREKKE,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fifteenth Judicial District,
                  In and For the County of Sheridan, Cause No. DC-46-2013-5
                  Honorable David Cybulski, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Chad Wright, Chief Appellate Defender, Chad Vanisko, Assistant
                Appellate Defender, Helena, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, Micheal S. Wellenstein,
                Assistant Attorney General, Helena, Montana

                Benjamin Fosland, Sheridan County Attorney, Scobey, Montana

Submitted on Briefs:  February 1, 2017

Decided:  April 11, 2017

Filed:

_____
                      Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Michael Robert Brekke appeals from the District Court's denial of his motion to dismiss the criminal charges against him on the ground that he was denied his right to a speedy trial. We affirm.

¶2 The issue on appeal is: Did the District Court err in denying Brekke's motion to dismiss on speedy trial grounds?

### FACTUAL AND PROCEDURAL BACKGROUND

¶3 On August 12, 2012, in Sheridan County, Montana, Brekke took a pickup that did not belong to him and went on a joy ride through a campground where he had been staying. He damaged the truck and campground property. A Sheridan County Sheriff's Deputy investigated and issued Brekke a complaint and notice to appear in Justice Court for the offenses of criminal mischief, a felony, and unauthorized use of a motor vehicle, a misdemeanor. The Deputy did not arrest Brekke on those charges and his initial appearance in Justice Court was set for August 22, 2012.

¶4 Also on August 12, the Sheriff's Office discovered that Brekke was wanted in Minnesota on an arrest warrant for a probation violation following a conviction for check forgery. The Sheriff arrested Brekke on the Minnesota warrant, and he made an appearance in Justice Court on the campground charges. On August 14, 2012, Brekke appeared in District Court, waived extradition, and consented to return to Minnesota. Brekke received a one-year sentence on the Minnesota probation violation. During that sentence he was charged with and convicted of escape and received an additional ninety-one-day sentence.

¶5    On March 12, 2013, while Brekke was in prison in Minnesota, the State of Montana obtained leave from the District Court to file an information charging him with criminal mischief and unauthorized use of a motor vehicle arising from the August 12, 2012 campground incident. The District Court issued a warrant for Brekke's arrest on those charges and set bail. The arrest warrant and charging documents were served on Brekke on May 14, 2013, while he was still being held in Minnesota. The Minnesota authorities informed the Sheridan County Sheriff that Brekke would be released from his Minnesota incarceration on June 1, 2013. Within a day or two after that date, officers from the Sheridan County Sheriff's Office picked up Brekke in Minnesota and transported him back to Montana.

¶6    Brekke obtained representation by the Public Defender and made an initial appearance in District Court on the Montana charges on June 24, 2013. The District Court set trial for September 12, 2013. On June 25, 2013, the District Court reduced Brekke's bail and he was released from custody. Brekke's lawyer asked for and obtained a continuance of the September trial date and the District Court re-set the trial for October 17, 2013. The District Court conducted an omnibus hearing on the charges on August 13, 2013. On September 16, 2013, Brekke moved to dismiss the charges, contending that he was not afforded a speedy trial. Shortly thereafter, on September 20, 2013, Brekke moved to continue the October 17 trial date. The District Court re-set the trial for January 16, 2014.

¶7    The parties briefed the speedy trial issue and on December 20, 2013, the District Court conducted a hearing. Brekke did not appear at the hearing, and his attorney

represented to the District Court that Brekke waived his right to be present. Neither Brekke nor his attorney submitted any evidence in support of the speedy trial motion.

¶8 The State called the campground owner who testified to the factual basis for the charges against Brekke and the damage done to the pickup and campground property. The Sheridan County Sheriff testified to serving the arrest warrant in Minnesota and securing Brekke's return to Montana. He testified that all of the witnesses named in the investigative file were still available to testify and that he was not aware of any lost or destroyed evidence. The attorneys presented argument on the motion. The District Court denied the motion to dismiss from the bench.

¶9 Brekke subsequently moved to continue the trial date once again, and the District Court re-set trial for March 13, 2014. On March 3, 2014, pursuant to a plea agreement with the State, Brekke pled nolo contendere to the offenses charged in the information. On January 13, 2015, the District Court imposed a six-year sentence to the Department of Corrections on the criminal mischief conviction and a concurrent six-month sentence for unauthorized use of a motor vehicle. The District Court suspended both sentences. Brekke appeals the speedy trial issue.

## STANDARD OF REVIEW

¶10 We review a district court's decision on a speedy trial claim de novo to determine whether the decision was correct. *State v. Velasquez*, 2016 MT 216, ¶ 6, 384 Mont. 447, 377 P.3d 1235.

**DISCUSSION**

¶11 *Issue: Did the District Court err in denying Brekke's motion to dismiss on speedy trial grounds?*

¶12 The defendant in a criminal case has a right to a speedy trial under the Sixth and Fourteenth Amendments to the United States Constitution, and under Article II, Section 24 of the Montana Constitution. *State v. Ariegwe*, 2007 MT 204, ¶ 20, 338 Mont. 442, 167 P.3d 815. Determining whether a defendant has been provided a speedy trial depends upon weighing the conduct of the prosecution and the defendant, *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 2191-92 (1972), so that evaluation of speedy trial claims is necessarily relative and depends upon the circumstances of each case. *State v. Hodge*, 2014 MT 308, ¶ 15, 377 Mont. 123, 338 P.3d 8. A speedy trial analysis is structured around four considerations: the length of the delay; the reasons for the delay; the accused's response to the delay; and the prejudice to the accused as a result of the delay. *Hodge*, ¶ 15.

¶13 This Court has adopted a 200-day "trigger date" that allows a defendant to raise the speedy trial issue. That is, if more than 200 days elapsed between the time the defendant is charged and the time the case is first set to go to trial, the court should consider the defendant's speedy trial argument. *Velasquez*, ¶ 9. If less than 200 days elapsed, then the defendant may not raise the speedy trial issue.

¶14 A criminal prosecution commences upon filing a complaint by a law enforcement officer. *State v. Allum*, 2005 MT 150, ¶¶ 37-38, 327 Mont. 363, 114 P.3d 233. Here, Brekke was charged with offenses under Montana law on August 12, 2012. After Brekke returned to Montana and made an initial appearance, the District Court set trial for

September 12, 2013. The District Court later continued that trial date several times at the request of Brekke's attorney. Therefore, the relevant speedy trial time window was August 12, 2012, until September 12, 2013, which exceeds 200 days and triggers speedy trial review.

¶15 The second factor a court considers is the reason or reasons for the delay. Here the first 294 days of the time period—August 12, 2012, until September 12, 2013—were all attributable to Brekke. This was the time he was incarcerated as a result of offenses he committed in Minnesota prior to his offenses in Montana. Brekke waived extradition to Minnesota and willingly returned there to serve the prison sentence for a parole violation. In addition, he committed the offense of escape while he was under the Minnesota sentence, resulting in additional incarceration. The time Brekke spent in Minnesota was therefore directly and solely attributable to his own actions, and none of that time should be attributed to the State of Montana. Defendant's imprisonment in another state, based upon defendant's own conduct, should be attributed to him in a speedy trial analysis. *State v. Grant*, 227 Mont. 181, 185-86, 738 P.2d 106, 109 (1987). Therefore, as to the time between the commencement of charges and the original trial setting, only 100 days are attributable to the State while 294 are attributable to Brekke.

¶16 Brekke contends that some substantial portion of the time he was incarcerated in Minnesota should be assigned to the State of Montana because the State failed to file a detainer against him during that time. Montana could have filed a detainer against Brekke with the authorities in Minnesota pursuant to the Interstate Agreement on Detainers (IAD), codified at § 46-31-101, MCA. Under the IAD, when a defendant is facing charges but is

in prison in another state, the charging state may file a detainer against the defendant in the holding state. The holding state must notify the prisoner that the detainer has been filed, and that he has the right to demand that the charging state bring him to trial within 180 days. Section 46-31-101, Article III (1), MCA.

¶17 The State of Montana did not file a detainer while Brekke was in prison in Minnesota, nor was it required to do so. Since there was no detainer, the speedy trial provisions of the IAD do not apply. The claims in this case are covered by the common law of speedy trial under the United States and Montana Constitutions.

¶18 We next consider Brekke's response to the delay in the trial. In this case the trial date was continued several times upon Brekke's request, including a request filed the day he filed his speedy trial motion. Conduct by an accused that demonstrates a "desire to avoid trial" weighs heavily against him in a speedy trial analysis. *State v. Stops*, 2013 MT 131, ¶ 40, 370 Mont. 226, 301 P.3d 811. If an accused avoids being brought to trial, some or all of the resulting delay must be attributed to him. *State v. Houghton*, 2010 MT 145, ¶ 23, 357 Mont. 9, 234 P.3d 904; *State v. Lacey*, 2010 MT 6, ¶ 18, 355 Mont. 31, 224 P.3d 1247. Delays in the trial arising from a defendant's requests for continuances may be attributable to him. *Grant*, 227 Mont. at 186, 738 P.2d at 109. Brekke repeatedly requested continuances of the trial date, evidencing a low level of commitment to obtaining a speedy trial.

¶19 The final factor to consider is prejudice to the defendant arising from any delay in going to trial. Brekke relies solely upon a presumption of prejudice arising from the length of the delay. We have recognized that presumptive prejudice can play a part in the speedy

trial analysis. *Hodge*, ¶ 24. However, presumptive prejudice will not weigh heavily in favor of the defendant except in the "few and far between" cases involving government bad faith or other egregious conduct. *Hodge*, ¶ 25. This is not one of those cases.

¶20 Here Brekke had the opportunity to attend the hearing on his motion and to present any evidence of actual prejudice. He chose to not do so. The State presented testimony as to the basis for the charges and the continuing availability of both witnesses and physical evidence. Brekke was released on bail shortly after returning to Montana. There is no evidence of actual prejudice to him arising from any delay getting to trial.

## CONCLUSION

¶21 The majority of the delay between the charges and the trial date were attributable to Brekke. Further, he demonstrated no substantial commitment to or interest in a speedy trial. He failed to demonstrate that he suffered any actual prejudice as a result of the delay between the charges and the initial trial date. The District Court properly denied Brekke's motion to dismiss based upon denial of a speedy trial. The convictions are affirmed.


/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT
/S/ DIRK M. SANDEFUR
/S/ JIM RICE