FILED

10/20/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0579

DA 19-0579

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 267N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

CHRISTOPHER W. ROBERTSON,

Defendant and Appellant.

APPEAL FROM:     District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC 18-329A
Honorable Holly Brown, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Christopher W. Robertson, Self-represented, Billings, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, Michael P. Dougherty,
Assistant Attorney General, Helena, Montana

Marty Lambert, Gallatin County Attorney, Erin Murphy, Deputy County
Attorney, Bozeman, Montana

Submitted on Briefs:   September 2, 2020

Decided:   October 20, 2020

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     The State charged Christopher W. Robertson with felony assault on a peace officer and misdemeanor resisting arrest in the Eighteenth Judicial District Court, Gallatin County. Between charging and trial, Robertson filed two motions to dismiss his case alleging the State had violated his right to a speedy trial.  The court denied his first motion on April 18, 2019, with a written order and orally denied his second motion on August 6, 2019. Robertson was convicted of both charges and sentenced to a 30-month sentence with the Department of Corrections and credited with 382 days for time served.  Robertson appeals the denial of his second motion to dismiss for violation of his right to a speedy trial.

¶3     Robertson was arrested on August 24, 2018, and appeared before the Gallatin County Justice Court that same day.  Bond was set at $150,000.  Robertson was unable to post bond and remained incarcerated through the pendency of the matter.  At the initial appearance before the Justice Court, Robertson was also served with an Idaho arrest warrant for failing to participate in the presentence investigation process after pleading guilty to a criminal offense arising from a separate incident there.  Robertson had unresolved criminal charges pending in Utah as well.  Robertson agreed to be extradited to Idaho for sentencing and was returned there on September 11, 2018.  His sentencing in

2

Idaho was originally scheduled for November 19, 2018, but was rescheduled to December 6, 2018, after Robertson filed numerous motions. Robertson was returned to Montana on December 13, 2018. His initial appearance before the District Court occurred on December 18, 2018, and he entered a plea of not guilty. Because Robertson indicated he would be filing pretrial motions in the case, trial was set for May 15, 2019, to allow time for briefing and hearings on the motions. The court held hearings on Robertson's motions in February and April. Shortly before the original May trial date, the court reset the trial for August 21, 2019, due to scheduling issues with the court. At the August trial, a jury convicted Robertson of misdemeanor resisting arrest, but could not reach a unanimous decision on the assault on a peace officer charge. After the jury trial, the State and Robertson entered into a plea agreement regarding the assault on a peace officer charge, in which Robertson pleaded guilty but reserved his right to appeal the District Court's denial of his second motion to dismiss alleging a violation of his right to a speedy trial.

¶4     An alleged violation of the right to a speedy trial is a question of constitutional law we review de novo. *State v. Butterfly*, 2016 MT 195, ¶ 6, 384 Mont. 287, 377 P.3d 1191; *State v. Ariegwe*, 2007 MT 204, ¶ 119, 338 Mont. 442, 167 P.3d 815. We review a district court's findings of fact underlying a speedy trial claim for clear error. *Areigwe*, ¶ 119.

¶5     "The Sixth and Fourteenth Amendments to the United States Constitution and Article II, Section 24, of the Montana Constitution guarantee every accused person the right to a speedy trial." *Butterfly*, ¶ 8. If the delay between accusation and trial exceeds 200 days, we balance four factors to determine whether the right to a speedy trial has been violated: (1) the length the delay; (2) the reasons for the delay, (3) the accused's responses

3

to the delay, and (4) prejudice to the accused as a result of the delay. *Butterfly*, ¶ 8; *Ariegwe*, ¶ 34. "No one factor is dispositive by itself; rather, the factors are related and must be considered together with such other circumstances as may be relevant." *Ariegwe*, ¶ 112.

¶6 The District Court balanced the above four factors in considering and ultimately denying both of Robertson's motions to dismiss based on a violation of his right to a speedy trial. In its oral findings denying Robertson's second motion, the District Court explained "The findings that the Court previously made in [its] order of April 19, 2019, still remain in regard to the balancing of all those factors with the primary difference being the additional 98 days to be considered." Thus, we will consider both of the District Court's orders in addressing Robertson's appeal.

¶7 For the first factor, the District Court acknowledged an additional delay of 98 days from its denial of Robertson's first motion to dismiss—for a total of 362 days. This exceeded the 200-day threshold, requiring balancing of the four factors.

¶8 Under the second factor, a court considers the reasons for the delay. In its order denying Robertson's first motion to dismiss, the District Court divided the time period from Robertson's arrest to the first scheduled trial into three time periods. The court credited the first 14-day period from the time of Robertson's arrest to when he voluntarily agreed to return to Idaho as institutional delay against the State. Robertson was then in Idaho for the next 97 days. The District Court explained Robertson's sentencing hearing in Idaho was originally scheduled for November 19 but was continued to December 6 because Robertson filed motions that required a hearing. The court credited the 17-day

4

continuance against Robertson but credited the remaining 80 days Robertson spent in Idaho against the State as institutional delay. Finally, the court credited the third time period from Robertson's return to Montana until the first scheduled trial—a total of 153 days— against the State as institutional delay. In its second order, the court found the additional 98 days from the first trial date of May 15 to the rescheduled trial date of August 21 to all be institutional delay attributable to the State. The District Court ultimately attributed 17 days to Robertson and the remaining 345 days to the State as institutional delay. After considering the record in this case and our prior precedent, we disagree with the District Court's allocation. In *State v. Brekke*, 2017 MT 81, ¶ 15, 387 Mont. 218, 392 P.3d 570, we explained "Defendant's imprisonment in another state, based upon defendant's own conduct, should be attributed to him in a speedy trial analysis." Robertson's criminal conduct and subsequent failure to participate in the sentencing process in Idaho were the causes of the 97-day delay in his prosecution for the charges at issue in this case. Thus, 97 days of the delay are attributable to Robertson and 265 days are attributable to the State. We agree all of the delay attributed to the State is institutional delay. This delay is weighed minimally against the State and we agree with the District Court this factor weighs only minimally in Robertson's favor.

¶9 Regarding the third factor, the District Court acknowledged Robertson was consistent in his request for a speedy trial, but his actions were not entirely consistent with that stated desire as he waived extradition to Idaho and once there filed motions that delayed his sentencing there. Under the circumstances of this case, the court correctly gave this factor little weight in the overall analysis and did not weigh it in favor of either party.

5

¶10 Finally, regarding the fourth factor, the District Court found Robertson was not prejudiced by the delay. Under this factor, a court considers whether the pretrial delay prejudiced the defendant in light of the interests the speedy trial right protects: (1) preventing oppressive pretrial incarceration; (2) minimizing the accused's anxiety and concern; and (3) limiting the possibility pretrial delay will impair the accused's defense. *Ariegwe*, ¶ 111. This Court agrees with the District Court that while Robertson was incarcerated for the pendency of these proceedings, Robertson's pretrial incarceration was not oppressive. The $150,000 bond set for Robertson was not unreasonable given the violent nature of the crime charged, his extensive criminal history, his lack of connection to the community, and the pending criminal matters in two other states. Further, the District Court found Robertson adapted well to the inherent limitations of incarceration and was given trustee status at the detention facility. Robertson provided no evidence on the record to support a contention he suffered any anxiety or concern beyond what would normally be associated with pending criminal charges. Finally, the court determined Robertson's ability to present a defense was not impaired. The court explained Robertson was "extremely prepared" for every hearing and had access to the resources he needed to prepare his defense at the detention center. There was no evidence in the record the pretrial delay caused the memories of any witnesses to fade by the time of trial. This factor weighs against Robertson.

¶11 Balancing the four factors, the District Court correctly determined Robertson's right to a speedy trial was not violated. Under the facts of this case, the lack of intentional delay on the part of the State and the lack of prejudice from the delay outweighed the length of

the delay. The record supports the District Court's determination Robertson's right to a speedy trial was not violated by the pretrial delay.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶13 Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE